## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CESAR TANO,
     Plaintiff,                          CASE NO.:

v.                                   REMOVED FROM THE CIRCUIT
                                       COURT OF THE SEVENTEENTH
                                       JUDICIAL CIRCUIT IN
                                       BROWARD COUNTY, FLORIDA

SMART BRIDGE CONSULTING LLC,     CASE NO.: CACE23013246
     Defendant.

_____/

### NOTICE OF REMOVAL

Defendant, SMART BRIDGE CONSULTING LLC ("SMART BRIDGE" or "Defendant), through its undersigned counsel, and pursuant to 28 U.S.C. §1446, files this Notice of Removal to remove the instant cause to the United States District Court for the Southern District of Florida. This defendant respectfully shows the following in support of removal:

### I.     STATEMENT OF THE GROUNDS FOR REMOVAL

1.    The removal of the instant matter is based upon the existence of federal question jurisdiction pursuant to 28 U.S.C. §1331 as the district courts shall have original jurisdiction of all civil actions arising under the laws of the United States.

## II.    STATEMENT OF THE GROUNDS FOR REMOVAL

2.     On May 3, 2023, Plaintiff, CESAR TANO ("Tano" or "Plaintiff"), commenced this civil class action proceeding in the 17th Judicial Circuit in and for Broward County Florida styled *Cesar Tano, individually and on behalf of all others similarly situated v. Smart Bridge Consulting LLC D/B/A QUEEN WARRIORS*, Court Case Number CACE23013246, which alleged two causes of actions pursuant to the Florida Telephone Solicitation Act ("FTSA"), § 501.059, Fla. Stat.. Attached hereto as Exhibit "A" is a true and correct copy of the Class Action Complaint filed in state court

3.     On October 30, 2023, the Defendant filed its Motion to Dismiss in state court. Attached hereto as Exhibit "B" is a true and correct copy of the Motion to Dismiss filed in state court.

4.     On March 30, 2024, the state court entered its Order Granting Defendant's Motion to Dismiss "for the lack of subject matter jurisdiction as Plaintiff failed to plead the statutory jurisdictional amount of damages," and that Plaintiff "also failed to plead compliance with pre-suit notice." The Court granted Plaintiff 10 days from entry of the Order to file an Amended Complaint. Attached hereto as Exhibit "C" is a true and correct copy of the Order Granting Defendant's Motion to Dismiss filed in state court.

5.     On April 9, 2024, the Plaintiff filed his Second Amended Class Action Complaint (Telephone Consumer Protection Act; 47 U.S.C. §227 et. seq. "TCPA") in state court, which alleges three causes of action under the TCPA. Attached hereto as Exhibit "D" is a true and correct copy of the Second Amended Class Action Complaint filed in state court.[1]

6.     Also, on April 9, 2024, Defendant was electronically served through the Florida efiling portal of the Second Amended Class Action Complaint. Attached hereto as Exhibit "E" is proof of electronic service." This notice of removal is filed within 30 days of receipt of the Second Amended Class Action Complaint and is, therefore, timely under 28 U.S.C. §1446(b).

7.     This removal is filed within thirty (30) days of service of the Second Amended Class Action Complaint. Therefore, it is timely pursuant to 28 U.S.C. §1446(b).[2]

8.     Promptly following the filing of this Notice with the Court, written notice of the filing of same will be provided to the attorneys for Plaintiff as required by 28 U.S.C. §1446(d).

---

[1] The Plaintiff did not file an amended complaint between the Class Action Lawsuit and the Second Amended Class Action Complaint.

[2] The Defendant has obtained an extension of time to respond to the Second Amended Class Action Complaint from the State Court until May 19, 2024.

9.      Following the filing of this Notice with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the 17th Judicial Circuit in and for Broward County, Florida, as required by 28 U.S.C. §1446(d).

10.      Pursuant to 28 U.S.C. §1446(a), Defendant attaches to this notice the following papers, which are all of the process, pleadings, and orders served on it in the state court proceeding before removal of this action:

| | Document | Date Filed | Exhibit No. |
|---|---|---|---|
| a. | Class Action Complaint | May 3, 2023 | A |
| b. | Motion to Dismiss | October 30, 2023 | B |
| c. | Order Granting Defendant's Motion to Dismiss | March 30, 2024 | C |
| d. | Second Amended Class Action Complaint | April 9, 2024 | D |
| e. | Email dated April 9, 2024, 3:08 p.m. "Notice of Service Court Documents," Florida Courts E-Filing Portal | April 9, 2024 (sent) | E |
| f. | Civil Cover Sheet | May 3, 2023 | F |
| g. | Notice of Appearance of Attorney of Record | May 3, 2023 | G |
| h. | Notice of E-Mail Designation | May 3, 2023 | |
| i. | Plaintiff's Notice of Service of Interrogatories | May 3, 2023 | H |

| | Document | Date Filed | Exhibit No. |
|---|---|---|---|
| j. | Plaintiff's Initial Request for Admissions to Defendant | May 3, 2023 | I |
| k. | Plaintiff's Request for Production | May 3, 2023 | J |
| l. | Clerk's Certificate of Compliance | May 4, 2023 | K |
| m. | Summons – Smart Bridge Consulting, LLC | July 12, 2023 | L |
| n. | Verified Return of Service | July 28, 2023 | M |
| o. | Summons Alias – Smart Bridge Consulting | August 3, 2023 | N |
| p. | Uniform Case Management Order | August 7, 2023 | O |
| q. | Notice of Hearing (Uniform Motion Calendar) | August 14, 2023 | P |
| r. | Unopposed Motion for Extension of Time to File Response to Class Action Lawsuit | August 14, 2023 | Q |
| s. | Agreed Order Granting Defendant's Motion for Extension of Time to Respond to Complaint | August 27, 2023 | R |
| t. | Uniform Case Management Order | October 24, 2023 | S |

| | Document | Date Filed | Exhibit No. |
|---|---|---|---|
| u. | Defendant's Motion to Stay Discovery Or, in the Alternative, Issue a Protective Order or Gran an Extension of Time | October 30, 2023 | T |
| v. | Response to Plaintiff's First Request for Admissions | October 30, 2023 | U |
| w. | Uniform Case Management Order | December 5, 2023 | V |
| x. | Notice of Hearing (Special Set Calendar) | January 26, 2024 | W |
| y. | Amended Notice of Hearing (Special Set Calendar) | February 15, 2024 | X |
| z. | Second Amended Notice of Hearing (Special Set Calendar) | February 18, 2024 | Y |
| aa. | Order Granting Defendant's Motion to Stay Discovery Or, in the Alternative, Issue a Protective Order or Grant an Extension of Time | March 30, 2024 | Z |
| ab. | Uniform Case Management Order | April 15, 2024 | AA |
| ac. | Motion for Extension of Time | April 19, 2024 | AB |

| | Document | Date Filed | Exhibit No. |
|---|---|---|---|
| ad. | Order Enlargement / Extension of Time to Respond to Plaintiff's Second Amended Class Action Complaint | April 22, 2024 | AC |

### III.     CONCLUSION

**11.**     The Second Amended Class Action Complaint invokes the Court's original federal question jurisdiction pursuant to 28 U.S.C. §1331, and this removal is timely. Accordingly, Defendant, SMART BRIDGE CONSULTING LLC, respectfully requests that this Court accept jurisdiction over this litigation and proceed with it to its conclusion.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2024, a true and correct copy of the foregoing was served via electronic mail to: Jeremy Dover, Esq., Victor Demesmin, Jr., Esq., Demesmin & Dover, PLLC, 1650 SE 17th Street, Fort Lauderdale, Florida 33316 (spam-pleadings@attorneysoftheinjured.com; JDover@attorneysoftheinjured.com; TCabanis@DD-Legal.com).

*/s/ Ryan J. Vescio*

**Robert Clayton Roesch**
Florida Bar No. 013931
croesch@shuffieldlowman.com

7

**Ryan J. Vescio**
Florida Bar No. 014032
rvescio@shuffieldlowman.com

**Shuffield, Lowman & Wilson, P.A.**
1000 Legion Place, Suite 1700
Orlando, Florida 32802
Telephone:   (407) 581-9800
Fax:     (407) 581-9801

*Counsel for Defendant, Smart Bridge*
*Consulting, LLC*

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.

CLASS REPRESENTATION

CESAR TANO, *individually and on behalf of all
others similarly situated*,

       Plaintiff,

vs.

SMART BRIDGE CONSULTING LLC D/B/A
QUEEN WARRIORS

       Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, Cesar Tano (hereinafter referred to as "Plaintiff"), on behalf of Plaintiff

individually and all others similarly situated, for its Class Action Complaint, sues Defendant,

SMART BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS, and alleges as follows:

### JURISDICTION, PARTIES, AND VENUE

1.     This is an action asserting a class action claim for monetary and treble damages pursuant

to the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059(2022).

2.     This Court maintains jurisdiction over this matter pursuant to Florida Rules of Civil

Procedure 1.220(b)(1)(A), 1.220(b)(2), and/or 1.220(b)(3), and Fla. Stat. Chapter 86 and Fla.

Stat. § 26.012(2) in consideration of the fact that the aggregate amount in controversy exceeds

$30,000.00 exclusive of interest, costs, and attorney's fees.

3.     Plaintiff is, and at all times relevant hereto was, a resident of Broward, Florida, and for all

intents and purposes, considered a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that

Plaintiff was the regular user of telephone number ***-*** 2544 (the "2544 Number") that

received Defendant's telephonic sales calls ("calls") and/or text communications ("texts") within Broward County, Florida.

4.      Defendant is, and at all times relevant hereto was, a corporation, incorporated in the State of Florida and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f). Defendant maintains its primary place of business and headquarters in Orlando, Florida. Defendant directs, markets, and provides business activities throughout the State of Florida.

5.      Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant made or caused to be made calls and/or sent texts into Florida without the requisite "prior express written consent" in violation of the FTSA.

6.      Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because Defendant (1) is a corporation, incorporated in the State of Florida doing business in this judicial circuit; and (2) has an agent or other representative in Florida. All facts giving rise to this action occurred within this circuit.

7.      All conditions precedent to the bringing of this action have been performed.

## TCPA AND FTSA

8.      "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The federal government receives a staggering number of complaints about robocalls – 3.7 million complaints in 2019 alone. The states likewise field a constant barrage of complaints." *Barr v. American Assoc. of Political Consultants, Inc.*, No. 19-631, 2020 WL 3633780, at *2 (July 6, 2020) (Kavanaugh, J.)

9.      Both the TCPA, 47 U.S.C. § 227 (1991), and the FTSA, F.S.A. 501.059 (July 1, 2021) were created to address the growing concerns of telemarketing calls that began in the 1990s.

10.     Companies were harassing individuals with daily calls through the use of new technology, such as "Predictive Dialers" and "Random or Sequential Number Generators," and people were immediately voicing their frustrations.

11.     The Federal Government enacted the TCPA in 1991 to combat this issue and provide further consumer protection to the general public in a law that remains steadfast 30 years later.

12.     The *Code of Federal Regulations* ("<u>CFR</u>") is the codification of the federal government's rules and regulations published in the *Federal Register*.

13.     Title 47 of the CFR governs all Telecommunications within the United States and is a further attempt by the Federal Government to quell the obscene amount of telemarketing calls that plague people every day.

14.     "The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the <u>Telephone Consumer Protection Act of 1991</u>.'" 47 C.F.R. § 64.1200(e).

15.     Florida also was cognizant of these concerns and enacted the FTSA to further protect its citizens and amended the same, which said amendment took effect July 1, 2021.

16.     Both the TCPA and FTSA provide regulation on who, when, how, and in what manner a telemarketing, debt collection, or sales call may be carried out, which leads us to the reason we are before the Court today.

## **FACTUAL BACKGROUND**

17.     Plaintiff's cell phone is for personal use only. It is not used as a business number.

18.     Beginning on or about April of 2023, Defendant began spamming Plaintiff with unsolicited texts to Plaintiff's cellular telephone number.

19.     Below is a screenshot that represents an example of the unsolicited texts sent to the Plaintiff by the Defendant.



20.     As demonstrated by the above screenshots, the purpose of Defendant's telephonic sales call was solely to solicit the sale of consumer goods and/or services.

21.     The texts originated from telephone number +1 6892200320, a number which upon information and belief is solely owned and operated by Defendant or on behalf of Defendant.

22.     The number used by Defendant to transmit the subject text message solicitations (+1 6892200320) is known as a "long code." Long codes are standard, 10-digit phone numbers, that enabled Defendant to send SMS text messages en masse, while deceiving recipients into believing that the message was personalized and sent from a telephone number operated by an individual.

23.     Long codes work as follows: Private companies known as SMS gateway providers have contractual arrangements with mobile carriers to transmit two-way SMS traffic. These SMS gateway providers send and receive SMS traffic to and from the mobile phone networks' SMS centers, which are responsible for relaying those messages to the intended mobile phone. This allows for the transmission of a large number of SMS messages to and from a long code.

24.     Plaintiff was in Florida when Plaintiff received the above text message calls, and Defendant's violative conduct occurred in substantial part in Florida.

25.     Defendant's calls and/or texts constitute telemarketing because they were solely made to encourage the future purchase or investment in property, goods, or services.

26.     Defendant's calls and/or text(s) failed to disclose the name of the individual caller and/or the entity on whose behalf the call was made, and/or a telephone number or address at which the person or entity may be contacted as required pursuant to 47 C.F.R. § 64.1200(d)(4).

27.     In addition, Defendant's calls and/or text(s) failed to identify the individual by his or her true first and last names, as required by Fla. Stat. § 501.059(2).

28.     At no point in time did Plaintiff provide Defendant with Plaintiff's express written invitation/consent to be contacted by the Defendant.

29.     Upon all information and belief, Defendant caused similar telephonic sales calls and/or texts to be sent to a multitude of individuals residing in the State of Florida.

30.     To transmit the above telephonic sales calls and/or texts, Defendant utilized computer software system that automatically selected and/or dialed Plaintiff's and the Class members' telephone numbers.

31.     The impersonal and generic nature of Defendant's text messages, coupled with their frequency, demonstrates that Defendant utilized a computer software system that automatically selected and dialed Plaintiff's and the Class members' telephone numbers. *See Jenkins v. LL Atlanta, LLC*, No. 1:14-cv-2791-WSD, 2016 U.S. Dist. LEXIS 30051, at *11 (N.D. Ga. Mar. 9, 2016) ("These assertions, combined with the generic, impersonal nature of the text message advertisements and the use of a short code, support an inference that the text messages were sent using an ATDS.") (citing *Legg v. Voice Media Grp., Inc.*, 20 F. Supp. 3d 1370, 1354 (S.D. Fla. 2014) (plaintiff alleged facts sufficient to infer text messages were sent using ATDS; use of a short code and volume of mass messaging alleged would be impractical without use of an ATDS); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (finding it "plausible" that defendants used an ATDS where messages were advertisements written in an impersonal manner and sent from short code); *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1130; *Robbins v. Coca-Cola Co.*, No. 13-CV-132-IEG NLS, 2013 U.S. Dist. LEXIS 72725, 2013 WL 2252646, at *3 (S.D. Cal. May 22, 2013) (observing that mass messaging would be impracticable without use of an ATDS)).

32.     To send the text messages, Defendant used a messaging platform (the "Platform"), which permitted Defendant to transmit blasts of text messages automatically and without any human involvement. The Platform automatically made a series of calls to Plaintiff's and the Class

members' stored telephone numbers with no human involvement after the series of calls were initiated utilizing the Platform.

33.     Defendant was not required to and did not need to utilize the Platform to send messages to Plaintiff and the Class members. Instead, Defendant opted to use the Platform to maximize the reach of its text message advertisements at a nominal cost to Defendant.

34.     Defendant would be able to conduct its business operations without sending automated text messages to consumers.

35.     Defendant would be able to send automated text messages to consumers, and in compliance with the FTSA, by securing the proper consent from consumers prior to sending text messages.

36.     Defendant would be able to send text messages to consumers without consent by utilizing a non-automated text messaging system.

37.     Accordingly, it is not impossible for Defendant to comply with the FTSA in the context of transmitting text messages.

38.     The burden and cost to Defendant of securing consent from consumers that complies with the FTSA is nominal.

39.     Compliance with the FTSA will not result in Defendant having to cease its business operations.

40.     Compliance with the FTSA will not result in Defendant having the alter the prices of any goods or services it provides in the marketplace.

41.     Compliance with the FTSA will not force Defendant to seek regulatory approval from the State of Florida before undertaking any type of commercial transaction.

42.     Because a substantial part of Defendant's FTSA violations occurred in Florida, requiring Defendant's compliance with the FTSA will not have the practical effect of regulating commerce occurring wholly outside of Florida.

43.     The Platform has the capacity to select and dial numbers automatically from a list of numbers, which was in fact utilized by Defendant.

44.     The Platform has the capacity to schedule the time and date for future transmission of text messages, which was in fact utilized by Defendant.

45.     The Platform also has an auto-reply function that results in the automatic transmission of text messages.

46.     Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales calls and/or texts to Plaintiff's cellular telephone number utilizing an automated system for the selection and dialing of telephone numbers.

47.     More specifically, Plaintiff never signed any type of authorization permitting or allowing the placement of a telephonic sales call by text message using an automated system for the selection and dialing of telephone numbers.

48.     Since July 1, 2021, on information and belief, Defendant sent at least 50 text message solicitations to as many consumers in Florida.

49.     Defendant's unsolicited text messages caused Plaintiff harm, including invasion of privacy, aggravation, and annoyance. Defendant's call also inconvenienced Plaintiff, caused disruptions to Plaintiff's daily life, caused Plaintiff to waste time dealing with Defendant's unsolicited text message calls. Additionally, Defendant's unsolicited messages violated Plaintiff's substantive rights under the FTSA from be free from harassing calls like Defendant's.

## CLASS REPRESENTATION ALLEGATIONS

50.      Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).

51.      The "Class" that Plaintiff seeks to represent is defined as:

No Prior Consent Class: All persons in Florida who, without prior express invitation/consent:

   1.      Were sent a telephonic sales call and/or text(s) regarding Defendant's goods and/or services, and

   2.      Using the same equipment or the same type of equipment utilized to call and/or text Plaintiff.

Secret Caller Class: All persons within the United States who, within the four years prior to the filing of this Complaint, received a telemarketing call and/or one or more text(s) from Defendant, or anyone on Defendant's behalf that did not disclose:

   1.      The name of the individual caller; and/or

   2.      The name of the person or entity on whose behalf the call is being made; and/or

   3.      A valid, transparent telephone number or address at which the person or entity may be contacted.

Do Not Call ("DNC"): All persons within the United States who, within the four years prior to the filing of this Complaint, received a telemarketing call and/or one or more text(s) from Defendant, or anyone on Defendant's behalf:

   1.      Whose telephone numbers appear on the then-current "no sales solicitation calls" list;

   2.      Who received unwanted telephonic sales calls from the Defendant or their agent(s);

3.      For whom the Defendant claims to have obtained prior express written consent in the same manner as they obtained Plaintiff's consent to call her cell phone.

52.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class but believes the Class members number in the several thousands, if not more.

53.     Numerosity: Plaintiff alleges, on information and belief, that the number of Class members is so numerous that joinder of them is impractical. Upon information and belief, Defendant, has placed telephonic sales calls and/or texts to telephone numbers belonging to at least 50 persons throughout Florida without their prior express written consent and/or without properly disclosing the identification of the individual caller and/or entity on behalf of whom the call was made. Plaintiff asserts that this issue has spanned the entire four-year statute of limitations and continues presently, and on information indicating that Defendant has a general business practice of failing to the meet the requirements set forth in the FTSA.

54.     The exact number and identities of the Class members are unknown at this time; however, the members of the Class will be easily ascertained through Defendant's records through discovery and will consist of all persons who received a telemarketing call and/or one or more texts from Defendant, or anyone on Defendant's behalf, without providing prior express written consent and/or the proper requisite disclosures as required by law.

55.     Commonality: There are questions of law and fact that are common to all members of the Class. These issues of commonality are primary and supersede the necessitation of the resolution of any issues involving only the individual members of the Class. The principal common issues include:

1. Whether Defendant initiated telephonic sales calls and/or texts to Plaintiff and the Class members;

2. Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls;

3. Whether Defendant violated F.S.A. 501.059 (July 1, 2021);

4. Whether Defendant's conduct was knowing and willful;

5. And, whether Defendant is liable for damages, and the amount of such damages.

56.     The common questions in this case can have common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls and/or texts without prior express written consent is accurate, Plaintiff and the Class members will have similar, if not identical, claims and/or damages capable of being efficiently adjudicated and administered in this case.

57.     Typicality: The claims of the Class Representative are typical of the claims that would be asserted by other members of the Class in that, in proving its claims, Plaintiff will prove the claims of all Class members. Plaintiff, and each Class member, is an individual that either has a phone number with a Florida Area Code and/or received one or more the Defendant's telemarketing calls and/or texts while being present within the State of Florida without having provided prior express written consent to the Defendant and/or with Defendant's telemarketing calls and/or texts.

58.     Adequacy: The Class Representative is an individual both residing in and maintaining a phone number with an area code in the State of Florida, which has no interest that conflicts with, or is otherwise antagonistic to, the interests of other Class members. Plaintiff will fairly and adequately protect and represent the interests of each member of the Class. Additionally, the Class Representative is fully aware of its responsibility as Class Representative and has retained

experienced counsel fully capable of, and intent upon, vigorously pursuing the action. Class counsel has extensive experience in class claims, high volume representation, and varying forms of litigation.

59.     The questions of law or fact common to the Class Representative's claims and the claim of each member of the Class as described above predominate over any questions of law or fact affecting only individual members of the Class. Moreover, class representation is clearly superior to other available methods for resolving the Plaintiff's and Class members' claims. Judicial economy is well served by concentrating all the Class members' claims in one forum in one proceeding. No undue management difficulties mitigate against class action treatment of this case. Additionally, Defendant's actions are generally applicable to the Class, thereby determining applicable relief to the entire Class particularly appropriate.

### COUNT I: VIOLATION OF FLA. STAT. § 501.059
### (On Behalf of Plaintiff Individually)

60.     Plaintiff re-alleges paragraphs 1 – 59 as if specifically alleged herein.

61.     As previously discussed, the FTSA was enacted to regulate all forms of telephone solicitation due to the increasing number of telemarketing calls and/or texts that occur to callers that reside within the State of Florida every single day.

62.     The FTSA clearly states that no person and/or entity may "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called **without the prior express written consent** of the called party." (Emphasis Added) Fla. Stat. § 501.059(8)(a).

63.     The FTSA states, a "'Telephonic Sales Call' means a telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods

or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(j).

64.     "'Prior express written consent' means a written agreement that:

1.     Bears the signature of the called party;

2.     Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

3.     Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4.     Includes a clear and conspicuous disclosure informing the called party that:

a.     By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

b.     He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services."

Fla. Stat. § 501.059(1)(g).

65.     Prior to initiating its telemarketing calls and/or texts, Defendant, was required to, however, never obtained prior express written consent/invitation from Plaintiff.

66.     Defendant, in clear violation of the FTSA, made and/or knowingly allowed the telephonic sales calls and/or to Plaintiff to be made utilizing an automated system for the selection or dialing of telephone numbers.

### COUNT II: VIOLATION OF FLA. STAT. § 501.059
### (On Behalf of Plaintiff and the No Prior Consent Class)

67.     Plaintiff re-alleges paragraphs 1 – 59 as if specifically alleged herein.

68.     As previously discussed, the FTSA was enacted to regulate all forms of telephone solicitation due to the increasing number of telemarketing calls and/or texts that occur to callers that reside within the State of Florida every single day.

69.     The FTSA clearly states that no person and/or entity may "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called **without the prior express written consent** of the called party." (Emphasis Added) Fla. Stat. § 501.059(8)(a).

70.     The FTSA states, a "'Telephonic Sales Call' means a telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(j).

71.     "'Prior express written consent' means a written agreement that:

    1.      Bears the signature of the called party;

2.      Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

3.      Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4.      Includes a clear and conspicuous disclosure informing the called party that:

a.      By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

b.      He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services."

Fla. Stat. § 501.059(1)(g).

72.    Prior to initiating its telemarketing calls and/or texts, Defendant, was required to, however, never obtained prior express written consent/invitation from Plaintiff and the Class members.

73.     Defendant, in clear violation of the FTSA, made and/or knowingly allowed the telephonic sales calls and/or to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

**WHEREFORE**, Plaintiff, individually and on behalf and the Class Members, respectfully requests this Court order the following relief against the Defendant:

1.     Finding that this action satisfies the prerequisites for maintenance as a Class Action set forth in Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2);

2.     Designating Plaintiff as Representative of the Class and its counsel as Class Counsel;

3.     Entering a judgment in favor of Plaintiff and the Class members and against Defendant as follows:

a.     Certifying that this case is properly maintainable as a Class Action under Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2);

b.     Finding Defendant in violation of § 501.059(10)(a) of the FTSA, awarding Plaintiff and each Class Member a minimum of $500.00 in statutory damages for each violation, and, pursuant to Fla. Stat. § 501.059(10)(b), up to $1,500.00 for every violation where the Court finds that the Defendant willfully or knowingly violated § 501.059(10)(a) of the FTSA;

c.     Requiring Defendant to pay Plaintiff's reasonable attorneys' fees and costs pursuant to § 501.059(11)(a) of the FTSA;

d.     Enjoining Defendant from any further communications and or solicitations with the Plaintiff; and

e.     Granting such further relief as the Court deems just and equitable.

PLAINTIFF, ON BEHALF OF ITSELF AND THE CLASS MEMBERS, DEMANDS TRIAL BY JURY ON ALL ISSUES TRIABLE.

Filed this Wednesday, May 3, 2023.

**DEMESMIN & DOVER, PLLC**
*Attorneys for Plaintiff*
1650 SE 17th Street, Suite 100
Fort Lauderdale, Florida 33316
Office (866) 954-6673
Facsimile (954) 916-8499
SPAM-Pleadings@attorneysoftheinjured.com
Jdover@attorneysoftheinjured.com

By:  */s/ Jeremy Dover*
JEREMY DOVER, ESQ.
FBN: 110737

# EXHIBIT B

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CESAR TANO,

        Plaintiff,                                   CASE NO.: CACE23013246

v.                                          JUDGE: Frink, Keathan B. (12)

SMART BRIDGE CONSULTING LLC,

        Defendant.

_____/

## MOTION TO DISMISS

COMES NOW, Defendant, SMART BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS ("Smart Bridge"), by and through their undersigned counsel, pursuant to Florida Rule of Civil Procedure 1.140(b), and hereby files this Motion to Dismiss, and as grounds, therefore, states as follows:

### PROCEDURAL BACKGROUND

On May 3, 2023, Plaintiff filed his Class Action Complaint in the case number cited above against Smart Bridge alleging in Count I – Violation of Florida Statutes Section 501.059, (on behalf of Plaintiff individually) and Count II – Violation of Florida Statutes Section 501.059, (on behalf of Plaintiff and the No Prior Consent Class).

On October 20, 2023, the Court held its Case Management Conference and rescheduled it until March 8, 2024.

### SUMMARY OF ARGUMENT

(1)      The Plaintiff failed to establish the statutory condition precedent established in § 501.059(10(c), Fla. Stat.

(2)      The Plaintiff fails to establish Circuit Court jurisdiction.

1

(3)     The Defendant should be determined to be the prevailing party related to the

Class Action Complaint and be awarded its reasonable attorney fees and costs.

## MEMORANDUM OF LAW AND ARGUMENT
## IN SUPPORT OF THE MOTION TO DISMISS

Failure to Establish Condition Precedent as Required by § 501.059(10(c)), Florida Statutes

The Florida Telephone Solicitation Act ("FTSA"), § 501.059, Fla. Stat., was last

amended in 2023 wherein the Florida Legislature enacted the following condition precedent to

filing a FTSA claim:

> Before the commencement of any action for damages under this
> section for text message solicitations, the called party must notify
> the telephone solicitor that the called party does not wish to receive
> text messages from the telephone solicitor by replying "STOP" to
> the number from which the called party received text messages
> from the telephone solicitor. Within 15 days after receipt of such
> notice, the telephone solicitor shall cease sending text message
> solicitations to the called party and may not send text messages to
> the called party thereafter, except that the telephone solicitor may
> send the called party a text message to confirm receipt of the
> notice. The called party may bring an action under this section only
> if the called party does not consent to receive text messages from
> the telephone solicitor and the telephone solicitor continues to send
> text messages to the called party 15 days after the called party
> provided notice to the telephone solicitor to cease such text
> messages.

> § 501.059(10(c)), Fla. Stat.

Paragraphs 18 and 19 of the Class Action Complaint alleged that on or about April 2023,

Plaintiff began receiving unsolicited text messages from Defendant. Further, in Paragraph 19, the

Plaintiff attached what is suspected to be a screenshot demonstrating an example of the alleged

unsolicited text messages. Nowhere within the Class Action Complaint does Plaintiff plead that

on or before April 18, 2023, Plaintiff replied to a text message from Defendant with the message

"STOP."

As cited within § 501.059(10(c)), Fla. Stat., "The called party may bring an action under this section **only if** the called party does not consent to receive text messages from the telephone solicitor and the telephone solicitor continues to send text messages to the called party 15 days after the called party provided notice to the telephone solicitor to cease such text messages." (emphasis added). The inclusion of the term "only if" by the Legislature demonstrates that a Plaintiff must first notify a communicator of message of this type to STOP, and then allow the Defendant a 15 day safe harbor to remove the Plaintiff from further communications before initiating this type of lawsuit.

<u>Section 501.059(10(c)), Florida Statutes Applies Retroactively to the Complaint</u>

Footnote 1 to § 501.059(10(c)), Fla. Stat. states, "Section 2, ch. 2023-150 provides that '[t]he amendments made by this act apply to any suit filed on or after the effective date of this act **and to any putative class action not certified on or before the effective date of this act.'"** (emphasis added).[1]

Although Plaintiff seeks to certify a putative class on behalf of other Plaintiffs, such class had not been certified by the Court on or before May 26, 2023. Therefore, the requirements of § 501.059(10(c)), Fla. Stat. apply retroactively to the Class Action Complaint, and as the Plaintiff has failed to plead the satisfaction of such condition precedent, the Complaint should be dismissed.

---

[1] Ch. 2023-150 was enacted upon approval and signature of the Governor on May 26, 2023.

<u>Failure to Establish Circuit Court Jurisdiction</u>

On or after January 1, 2023, Florida county courts have jurisdictional authority of all actions at law which the matter in controversy does not exceed, exclusive of interest, costs, and attorney fees, the sum of $50,000. <u>§ 34.01(c)(3), Fla. Stat.</u>

Pursuant to <u>§ 26.012(2)(a), Fla. Stat.</u>, Florida Circuit Courts have exclusive original jurisdiction "in all actions at law not cognizable by the county courts."

Application of <u>§ 34.01(c)(3), Fla. Stat.</u> and <u>§ 26.012(2)(a), Fla. Stat.</u> establish that the First Amended Class Action Complaint's allegation in Paragraph Eight that: "This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and section 26.012(2) Florida Statutes. The matter in controversy exceeds the sum or value of $30,000.00 exclusive of interest, costs, and attorney's fees" does not establish that the Circuit Court has jurisdiction over this matter.

Therefore, the Complaint should be dismissed.


<u>Defendant is the Prevailing Party and Thus Entitled to the Award of Attorneys' Fees and Costs</u>

Plaintiff has brought forth this cause of action pursuant to <u>§ 501.059, Fla. Stat.</u> Specifically, <u>§ 501.059(11)(a), Fla. Stat.</u> states, "In any civil litigation resulting from a transaction involving a violation of this section, the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his or her reasonable attorney's fees and costs from the nonprevailing party."

If the Court grants Defendant's Motion to Dismiss, Defendant would be classified as the prevailing party, pursuant to <u>§ 501.059(11)(a), Fla. Stat.</u>, entitled to award reasonable attorneys' fees and costs from Plaintiff. *See* <u>Rehman v. ECC Int'l Corp.</u>, 698 So.2d 921 (Fla. 5th DCA

1997); <u>McKelvey v. Kismet, Inc.</u>, 430 So.2d 919 (Fla. 3d DCA 1983), *reh. Denied* 440 So.2d 352 (Fla. 1983).

WHEREFORE, Defendant, SMART BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS, hereby moves this honorable court to dismiss the Class Action Complaint with leave for Plaintiff to re-file their Complaint; grant Defendant their incurred attorneys' fees and costs in a reasonable amount as later determined by the Court; and to grant further relief as the Court determines to be just and appropriate.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 30, 2023, I electronically filed the foregoing using the Florida Courts E-Filing Portal, which will automatically provide copies to all counsel of record.

*/s/ Ryan J. Vescio*

**Keith Hesse**
Florida Bar No. 348007
khesse@shuffieldlowman.com

**Ryan J. Vescio**
Florida Bar No. 014032
rvescio@shuffieldlowman.com

**Shuffield, Lowman & Wilson, P.A.**
1000 Legion Place, Suite 1700
Orlando, Florida 32802
Telephone:    (407) 581-9800
Fax:    (407) 581-9801
*Counsel for Defendant*

The primary email address for electronic
Service of all pleadings in this case under
Rule 2.516 is:
litservice@shuffieldlowman.com

# EXHIBIT C

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. **CACE23013246**   DIVISION: **12**   JUDGE: **Frink, Keathan B. (12)**

**CESAR TANO**

Plaintiff(s) / Petitioner(s)

v.

**SMART BRIDGE CONSULTING LLC**

Defendant(s) / Respondent(s)

_____ /

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE having come before the Court on the Motion to Dismiss filed by Defendant, SMART BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS filed on October 30, 2023, (the "Motion to Dismiss"), and the Court having considered the Motion to Dismiss, the argument of counsel at the March 4, 2024 hearing, the court file, applicable legal authority, being otherwise fully advised in the premises it is hereby **ORDERED** that:

The Motion to Dismiss is **GRANTED** for lack of subject matter jurisdiction as Plaintiff failed to plead the statutory jurisdictional amount of damages. Plaintiff also failed to plead compliance with pre-suit notice. Plaintiff's Complaint is dismissed without prejudice. The Plaintiff is granted ten (10) days from the date of entry of this Order to file an Amended Complaint. Defendant's request for attorneys fees is denied.

**DONE AND ORDERED** in Chambers at Broward County, Florida on 30th day of March, 2024.

CACE23013246 03-30-2024 9:29 AM
Hon. Keathan Frink
**CIRCUIT COURT JUDGE**
Electronically Signed by Keathan Frink

**Copies Furnished To:**
Jeremy Dover , E-mail : Spam-Pleadings@attorneysoftheinjured.com
Jeremy Phillip Dover , E-mail : PIP-Pleadings@attorneysoftheinjured.com
Ryan J Vescio , E-mail : rvescio@shuffieldlowman.com
Ryan J Vescio , E-mail : litservice@shuffieldlowman.com
Tracey Cabanis , E-mail : tcabanis@dd-legal.com

# EXHIBIT D

NOT AN OFFICIAL COPY

NOT AN OFFICIAL COPY – PUBLIC ACCESS

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. CACE-23013246

CLASS REPRESENTAION

CESAR TANO, *individually and on behalf of all others similarly situated*,

      Plaintiff,

vs.

SMART BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS

      Defendant.

_____/

## SECOND AMENDED CLASS ACTION COMPLAINT

### (Telephone Consumer Protection Act; 47 U.S.C. § 227 et seq. "TCPA")

Plaintiff, Cesar Tano (hereinafter referred to as "Plaintiff"), individually files this lawsuit for damages, and other legal and equitable remedies, for the illegal actions of SMART BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS ("Smart Bridge" or "Defendant" in the negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and alleges as follows:

### NATURE OF THE ACTION

1.     This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. 227 et seq., ("TCPA"), arising from Defendant's violations of the TCPA and its implementing regulations.

2.     To promote its services, Defendant engages in unsolicited telemarketing, including unauthorized calls and text messages.

3.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

4.      Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. 153(39), a citizen and resident of Broward County, Florida.

5.      Defendant is, and at all times relevant hereto was, a Florida corporation and a "person" as defined by 47 U.S.C. 153(39) that maintains its primary place of business and headquarters in Orlando, Florida. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. 26.012(2). The matter in controversy exceeds the sum or value of $50,000 exclusive of interest, costs, and attorney's fees.

7.      Defendant is subject to personal jurisdiction in Florida because it is incorporated in Florida and its primary place of business is located in Florida.

8.      Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

## THE TCPA

9.      The TCPA prohibits (l) any person from making telemarketing calls and text messages; (2) using an automatic telephone dialing system or an artificial or pre-recorded voice (3) without the recipient's prior express consent of the called party. 47 U.S.C. 227(b)(l)(A).

10.     The TCPA exists to prevent communications like the ones described within this Complaint. "Voluminous consumer complaints about abuses of telephone technology, for example, computerized calls dispatched to private homes prompted Congress to pass the TCPA. " Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

11.     In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or unauthorized calls and text voice." Breslow v. Wells Fargo Bank, N.A., 857 F. Supp. 2d 1316, 1319 (S.D. Fla.2012), affd, 755 F.3d 1265 (11th Cir. 2014).

12.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or unauthorized calls and text telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and order, 18 FCC Rcd 14014 (2003).

13.     In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express **written** consent" for such calls to wireless numbers. See In [he Mailer of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 11830, 11838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

14.     To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent. ...and having received this

information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

15.     The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. See Golan v. Veritas Entm't, LLC, 788 F.3d 814, 820 (8th Cir. 2015).

16.     "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" Id. (citing Chesbro v. Best Buy Stores, L.P., 705 F.3d 913, 918 (9th Cir. 2012)).

17.     Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." Golan, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C. Rcd at 14098 ¶141, 2003 WL 21517853, at *49).

18.     The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. Id.

19.     In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

20.     If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. See In the Matter of Rules and Regulations Implementing the Tel. Consumer Pro" Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

## FACTUAL BACKGROUND

21.     Defendant provides fitness related services and products to customers nationwide.

22.     When a customer buys Defendant's services or products, Defendant collects their telephone numbers as part of the transaction.

23.     Defendant uses the telephone numbers that it collects to make promotional calls and text messages attempting to sell additional or more expensive services and products and/or to contact individuals who are no longer customers.

24.     Defendant placed numerous such calls and text messages to Plaintiff's cellular telephone marketing its products and services.

25.     Upon information and belief, Defendant placed these calls and text messages using an "automatic telephone dialing system" ("ATDS"), as defined in 47 U.S.C. 227(a)(1), and prohibited by 47 U.S.C. 227(b)(1)(A).

26.     Defendant's contacts were not made for emergency purposes, as defined by 47 U.S.C. 227(b)(1)(A)(i).

27.     Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

28.     Upon information and belief, the ATDS used by Defendant has the capacity to, and does, dial telephone numbers as a list or in a database without human intervention.

29.     Defendant's calls and text messages were placed to telephone numbers, including Plaintiff's, who were assigned to a cellular telephone service pursuant to 47 U.S.C. 227(b)(1).

30.     Defendant did not have prior express consent to place the calls or send text messages to Plaintiff.

31.     The telephonic communications by Defendants, or its agent(s), violated 47 U.S.C. 227(b)(1).

32.     Through Defendant's above-mentioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

33.     Plaintiff is informed and believes and hereupon alleges, that the calls and text messages were initiated by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

34.     Defendant's aforementioned conduct violated 47 U.S.C. 227(b)(1)(A)(iii).

35.     Beginning on or about April of 2023, Defendant began spamming Plaintiff with unsolicited texts to Plaintiff's cellular telephone number.

36.     Below is a screenshot that represents an example of the unsolicited texts sent to the Plaintiff by the Defendant.



37.     As demonstrated by the above screenshot, the purpose of Defendant's telephonic

sales call was solely to solicit the sale of consumer goods and/or services.

38.     The texts originated from telephone number +1 6892200320, a number which upon

information and belief is solely owned and operated by Defendant or on behalf of Defendant.

39.     Plaintiff was in Florida when Plaintiff received the above text message calls, and

Defendant's violative conduct occurred in substantial part in Florida.

40.     Defendant's calls and/or texts constitute telemarketing because they were solely made to encourage the future purchase or investment in property, goods, or services.

41.     Defendant's calls and/or text(s) failed to disclose the name of the individual caller and/or the entity on whose behalf the call was made, and/or a telephone number or address at which the person or entity may be contacted as required pursuant to 47 C.F.R. § 64.1200(d)(4).

42.     At no point in time did Plaintiff provide Defendant with Plaintiff's express written invitation/consent to be contacted by the Defendant.

43.     Upon all information and belief, Defendant caused similar telephonic sales calls and/or texts to be sent to a multitude of individuals residing in the State of Florida.

44.     To transmit the above telephonic sales calls and/or texts, Defendant utilized computer software system that automatically selected and/or dialed Plaintiff's telephone numbers.

45.     Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales calls and/or texts to Plaintiff's cellular telephone number utilizing an automated system for the selection and dialing of telephone numbers.

46.     More specifically, Plaintiff never signed any type of authorization permitting or allowing the placement of a telephonic sales call by text message using an automated system for the selection and dialing of telephone numbers.

47.     Defendant's unsolicited text messages caused Plaintiff harm, including invasion of privacy, aggravation, and annoyance. Defendant's call also inconvenienced Plaintiff, caused disruptions to Plaintiff's daily life, caused Plaintiff to waste time dealing with Defendant's unsolicited text message calls.

## CLASS ALLEGATIONS

### PROPOSED CLASS

48.     Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The classes that Plaintiff seeks to represent is comprised of and defined as:

**NO CONSENT CLASS:** All persons within the United States who, within the four years prior to the filing of this Complaint, were sent an unauthorized calls and text message, from Defendant or anyone on Defendant's   behalf, to said person's cellular telephone number, for   the purpose of promoting and/or advertising Defendant's goods and/or services.

**DO NOT CALL REGISTRY CLASS:** All persons in the United States who from four years prior to the filing of this action: (1) were called by or on behalf of  Defendant; (2) more than one time within any 12  month period; (3) where the person's telephone   number had been listed on the National Do Not Call   Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

49.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

50.     Upon information and belief, Defendant has placed unauthorized calls and text voice calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

51.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

52.     There are numerous questions of law and facts common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a.      Whether Defendant made non-emergency calls to Plaintiff and Class members' telephones using an unauthorized calls and text voice;

b.      Whether Defendant can meet its burden of showing that it had express written consent to make such calls;

c.      Whether Defendant's conduct was knowing and willful;

c.      Whether Defendant is liable for damages, and the amount of such damages; and

d.      Whether Defendant should be enjoined from such conduct in the future.

53.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits unauthorized calls and text voice calls to telephone numbers is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

54.     Plaintiff's claims arc typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

55.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate

representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

56.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

57.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the Telephone Consumer Protection Act,**
**47 U.S.C. § 227, _et seq._**
**(No Consent)**

58.     Plaintiff re-alleges and incorporates the foregoing allegations of paragraph 1-57 as if fully set forth herein.

59.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or unauthorized calls and text voice… to any telephone number assigned to a …cellular telephone service…'' 47 U.S.C. § 227(b)(1)(A)(iii).

60.     Defendant transmitted calls using an artificial or unauthorized calls and text voice to the telephone numbers of Plaintiff.

61.     Plaintiff did not provide Defendant with their consent to receive unauthorized calls and text calls.

62.     Plaintiff of the class did not knowingly release their telephone numbers to Defendant.

63.     Defendant did not have prior express consent to call the telephones of Plaintiff when the calls were made.

64.     Defendant has, therefore, violated § 227(b)(l)(A)(iii) of the TCPA by using an artificial or unauthorized calls and text voice to make non-emergency telephone calls to the telephones of Plaintiff without their prior express consent.

65.     Defendant knew that it did not have prior express consent to make these calls and knew or should have known that it was using an artificial or unauthorized calls and text voice. The violations were therefore willful or knowing.

66.     As a result of Defendant's conduct and pursuant to 227(b)(3) of the TCPA, Plaintiff were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiffs are also entitled to an injunction against future calls. Id.

67.     Because Defendant knew or should have known that Plaintiff a had not given prior express consent to receive its unauthorized calls and text calls to their cellular telephones the Court should treble the amount of statutory damages available to Plaintiff pursuant to § 227(b)(3) of the TCPA.

<u>**COUNT II**</u>
<u>**Violations of the Telephone Consumer Protection Act,**</u>
<u>**47 U.S.C. § 227, *et seq.***</u>
**Do Not Call Registry**

68.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1-67 as if fully set forth herein.

69.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government. "

70.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

71.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

72.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

73.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to Plaintiff who registered their respective telephone numbers on the National

Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

74.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

75.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. 227(c)(5), treble the amount of statutory damages recoverable.

**COUNT III**
**Knowing and/or Willful Violations**
**of the Telephone Consumer Protection Act,**
**47  .S.C. § 227, *et seq.***

76.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1-75 as if fully set forth herein.

77.     Defendant knowingly and/or willfully transmitted unauthorized non-emergency promotional calls and texts using an automatic telephone dialing system to Plaintiff without obtaining prior express consent of Plaintiff and the other members of the Class in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

78.     Each of the aforementioned unauthorized calls and text messages by Defendant constitutes a knowing and/or willful violation of the TCPA.

79.     As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff

and the Classes are entitled to an award of treble damages up to $1,500.00 for each call, in violation

of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, prays for the following relief:

a)  An order declaring that Defendant's actions, as set out above, violate 47 C.F.R. §
    64.1200(c) and its implementing regulations;

b)  An injunction requiring Defendant to cease all such unsolicited conduct in the future.

c)  An award of actual and statutory damages for Plaintiff;

d)  An award of $500 in statutory damages, for each and every violation, pursuant to 47
    U.S.C. 227(b)(3)(B);

e)  As a result of Defendant's willful and/or knowing violations if 47 U.S.C. (b)(3)(B) and
    47 U.S.C. (b)(3)(C)

f)   Such further and other relief as this Honorable Court deems necessary.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

*SPACE INTENTIONALLY LEFT BLANK*

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemizations associated with the allegations herein, including all records, lists, electronic databases, or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, compensated, or directed by Defendant to assist in sending the alleged communications.

Dated Tuesday, April 9, 2024

Respectfully Submitted,

By:  */s/ Jeremy Dover*
JEREMY DOVER, ESQ.
FBN: 110737
VICTOR DEMESMIN, JR., ESQ.
FBN: 121820

**DEMESMIN & DOVER, PLLC**
*Attorneys for Plaintiff*
1650 SE 17th Street
Fort Lauderdale, Florida 33316
Office (954) 530-0790
Facsimile (954) 916-8499
SPAM-Pleadings@attorneysoftheinjured.com
JDover@attorneysoftheinjured.com
TCabanis@DD-Legal.com

*Counsel for Plaintiff*

# EXHIBIT E

**Ryan J. Vescio**

| | |
|---|---|
| **From:** | eservice@myflcourtaccess.com |
| **Sent:** | Tuesday, April 9, 2024 3:08 PM |
| **Subject:** | [EXTERNAL] SERVICE OF COURT DOCUMENT CASE NUMBER 062023CA013246AXXXCE TANO, CESAR VS SMART BRIDGE CONSULTING LLC |

## Notice of Service of Court Documents

## Filing Information

| | |
|---|---|
| Filing #: | 195812995 |
| Filing Time: | 04/09/2024 03:07:36 PM ET |
| Filer: | Jeremy Phillip Dover 954-214-9156 |
| Court: | Seventeenth Judicial Circuit in and for Broward County, Florida |
| Case #: | 062023CA013246AXXXCE |
| Court Case #: | CACE-23-013246 |
| Case Style: | TANO, CESAR VS SMART BRIDGE CONSULTING LLC |
| **Documents** | **Click on the file name below to download or print your document NOW. The link expi** |

## Documents

| Title | File |
|---|---|
| Amended Complaint | SECOND AMENDED COMPLAINT.pdf |

## E-service recipients selected for service:

| Name | Email Address |
|---|---|
| Jeremy Dover | Spam-Pleadings@attorneysoftheinjured.com |
| Ryan J Vescio | rvescio@shuffieldlowman.com |
| | litservice@shuffieldlowman.com |
| N/A | Spam-Pleadings@attorneysoftheinjured.com |

## E-service recipients not selected for service:

| Name | Email Address |
|------|---------------|
| Jeremy Phillip Dover | PIP-Pleadings@attorneysoftheinjured.com |

This is an automatic email message generated by the Florida Courts E-Filing Portal. This email address does not receive email.

**Document Access Link(s) will be active for 14 days (excluding weekends) after the Clerk accepts the submission or it is abandoned. In addition to access to the link for 14 days (excluding weekends), the documents will also be available, after acceptance by the Clerk, to counsel of record in the portal on the My Cases page, by clicking on the case number and then the document name, or by accessing the Clerk's website.**

If you are not associated with this case and wish to be removed, please click here to request to be removed from the E-service list.

Thank you,
The Florida Courts E-Filing Portal

  request_id#:195812995;Audit#:670127666;UCN#:062023CA013246AXXXCE;

# EXHIBIT F

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.      **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>CESAR TANO</u>
Plaintiff                                                     Case # _____
                                                             Judge _____

vs.
<u>SMART BRIDGE CONSULTING LLC</u>
Defendant

II.     **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

III.    **TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☒ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

☐ Replevins
☐ Evictions
　　　☐ Residential Evictions
　　　☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.　　REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.　　NUMBER OF CAUSES OF ACTION:** [　]
(Specify)

　2

**VI.　　IS THIS CASE A CLASS ACTION LAWSUIT?**
　　　☒ yes
　　　☐ no

**VII.　　HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
　　　☒ no
　　　☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.　　IS JURY TRIAL DEMANDED IN COMPLAINT?**
　　　☒ yes
　　　☐ no

**IX.　　DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
　　　☐ yes
　　　☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jeremy Phillip Dover　　　　　　Fla. Bar # 110737
　　　　　Attorney or party　　　　　　　　　　　(Bar # if attorney)

Jeremy Phillip Dover　　　　　　　　　05/03/2023
(type or print name)　　　　　　　　　Date

# EXHIBIT G

Case 0:24-cv-60769-WPD Document 1-5 Entered on FLSD Docket 05/08/2024 Page 62 of 134

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CESAR TANO, *individually and on behalf of all
others similarly situated*,

        Plaintiff,

vs.

SMART BRIDGE CONSULTING LLC D/B/A
QUEEN WARRIORS

        Defendant.

_____/

CASE NO.

CLASS REPRESENTATION

## NOTICE OF APPEARANCE OF ATTORNEY OF RECORD

    YOU ARE HEREBY NOTIFIED that the undersigned attorney, **Jeremy Dover,
Esquire,** hereby files this Notice of Appearance as Attorney of Record in this case as counsel for
Plaintiff.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing document was served
upon the Defendant, along with the Summons and Complaint filed in this cause.

**DEMESMIN & DOVER, PLLC**

*Attorneys for Plaintiff*
1650 SE 17th Street, Suite 100
Fort Lauderdale, Florida 33316
Office (866) 954-6673
Facsimile (954) 916-8499
Spam-Pleadings@attorneysoftheinjured.com
Jdover@attorneysoftheinjured.com

By: */s/ Jeremy Dover*
    JEREMY DOVER, ESQ.
    FBN: 110737

# EXHIBIT H

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CESAR TANO, *individually and on behalf of all others similarly situated*,

CASE NO.

CLASS REPRESENTATION

      Plaintiff,

vs.

SMART BRIDGE CONSULTING LLC D/B/A
QUEEN WARRIORS

      Defendant.

_____/

## NOTICE OF E-MAIL DESIGNATION

    Pursuant to Fla. R. of Judicial Administration Rule 2.526, the undersigned counsel

designates the following primary e-mail address for receiving service of all Court documents:

    **PRIMARY:**        **Spam-pleadings@attorneysoftheinjured.com**
    **SECONDARY:**   **JDover@attorneysoftheinjured.com**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing document was served
upon the Defendant, along with the Summons and Complaint filed in this cause.

              **DEMESMIN & DOVER, PLLC**

              *Attorneys for Plaintiff*
              1650 SE 17th Street, Suite 100
              Fort Lauderdale, Florida 33316
              Office (866) 954-6673
              Facsimile (954) 916-8499
              Spam-Pleadings@attorneysoftheinjured.com
              Jdover@attorneysoftheinjured.com

              By: */s/ Jeremy Dover*
                  JEREMY DOVER, ESQ.
                  FBN: 110737

# EXHIBIT I

Case 0:24-cv-60769-WPD   Document 1-5   Entered on FLSD Docket 05/08/2024   Page 66 of 134

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

CLASS REPRESENTATION

CESAR TANO, *individually and on behalf of all others similarly situated*,

        Plaintiff,

vs.

SMART BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS

        Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES

Plaintiff, pursuant to *Fla. R. Civ. Pro. 1.280 and 1.340,* hereby propounds the attached Interrogatories to the Defendant, to be answered under oath, and in writing within the time prescribed by the Florida Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served upon the Defendant, along with the Summons and Complaint filed in this cause.

**DEMESMIN & DOVER, PLLC**

*Attorneys for Plaintiff*
1650 SE 17th Street, Suite 100
Fort Lauderdale, Florida 33316
Office (866) 954-6673
Facsimile (954) 916-8499
Spam-Pleadings@attorneysoftheinjured.com
Jdover@attorneysoftheinjured.com

By: */s/ Jeremy Dover*
    JEREMY DOVER, ESQ.
    FBN: 110737

## <u>INITIAL INTERROGATORIES</u>

1.      Please state the complete name, address and age of each and every person that is either answering and/or participating in answering these interrogatories in any way and the capacity in which they are answering and/or participating in the responses contained herein.

2.      Are you a corporation or other business entity? If so, state your complete corporate name, the nature of your business, whether you are licensed to do business in the State of Florida, whether you maintain agents for the transacting of your customary business in the County in which this case has been filed, and whether your name as it appears in the Plaintiff's Complaint is correct.

3.      List the names, addresses, and telephone number of all persons (other than medical witnesses or your agents/representatives/employees) believed or known by you, your agents, or attorneys to have knowledge concerning any of the issues raised by the pleadings, specifying the subject matter about which the witnesses have knowledge and state whether you have obtained any statements (oral, written, and/or recorded) from any of said witnesses, list the dates of any such statements, by whom any such statements were taken, and who has possession, custody, and control of any such statements.

4.      List the names, business addresses and telephone numbers of all persons who, on your behalf or on behalf of your agents or representatives, have made a telephonic sales call and/or text to Plaintiff.

5.      For those individuals identified in #4, please identify every telephonic sales call and/or text to Plaintiff, by providing the following information:

        a.    The date and time of each telephonic sales call and/or text to Plaintiff;

        b.    The exact language used for each telephonic sales call and/or text to Plaintiff; and

c.   The originating telephone number from which the telephonic sales call and/or text to Plaintiff was sent.

6.     Identify the automated system utilized by Defendant for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed, for the purposes of making or allowing a telephonic sales call/text to Plaintiff.

7.     Identify and describe in detail the policies and procedures for implementing the automated system utilized by Defendant for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed, for the purposes of making or allowing a telephonic sales call/text to Plaintiff.

8.     For any and all defenses which you reasonably believe are available with regard to any of the claims made by the Plaintiff herein: describe in detail the factual and legal basis for any such defenses and give complete names, business addresses, and telephone numbers of each and every person believed or known by you, your agents, representatives, or attorneys, to have knowledge of the facts which provide the basis for any such defenses.

Name: _____

STATE OF _____)
COUNTY OF _____)

The foregoing instrument was acknowledged before me by _____, who is Personally Known to me OR produced _____, as identification and who swears or affirms that the foregoing Answers to Interrogatories are true and correct.

IN TESTIMONY WHEREOF, I have hereunto set my hand and seal this _____ day of

_____, 20____.

_____          _____
Notary Public, State of Florida                    Print Name of Notary Public

NOTARY PUBLIC, SEAL OF OFFICE

My Commission Number:

My Commission Expires:

# EXHIBIT J

|                                                                                          | IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA |

CESAR TANO, *individually and on behalf of all others similarly situated*,

       Plaintiff,

vs.

SMART BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS

       Defendant.

_____/

CASE NO.

CLASS REPRESENTATION

## <u>PLAINTIFF'S INITIAL REQUEST FOR ADMISSIONS TO DEFENDANT</u>

Plaintiff, pursuant to Fla. R. Civ. P. 1.370, hereby propounds this Initial Request for Admissions to Defendant and requests that said Defendant admit or deny the following in accordance within the time prescribed by the Florida Rules of Civil Procedure:

1.      At all times material hereto, Defendant made or caused to be made calls and/or sent texts into Florida.

2.      At all times material hereto, the Defendant, did not obtain Plaintiff's prior express written consent to make or allow a telephonic sales call or text.

3.      At all times material hereto, the Defendant, utilized an automated system for the selection or dialing of Plaintiff's telephone number or the playing of a recorded message when a connection is completed to Plaintiff's telephone number.

4.      At all times material hereto, the Defendant, failed to transmit and/or caused not to be transmitted the originating telephone number from which the telephonic sales call was made to Plaintiff.

5.      Admit that Defendant's telephonic sales calls/texts made to Plaintiff were in violation of Fla. Stat. § 501.059.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served upon the Defendant, along with the Summons and Complaint filed in this cause.

**DEMESMIN & DOVER, PLLC**

*Attorneys for Plaintiff*
1650 SE 17th Street, Suite 100
Fort Lauderdale, Florida 33316
Office (866) 954-6673
Facsimile (954) 916-8499
Spam-Pleadings@attorneysoftheinjured.com
Jdover@attorneysoftheinjured.com

By:  */s/ Jeremy Dover*
       JEREMY DOVER, ESQ.
       FBN: 110737

# EXHIBIT K

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CESAR TANO, *individually and on behalf of all
others similarly situated*,

CASE NO.

       Plaintiff,

CLASS REPRESENTATION

vs.

SMART BRIDGE CONSULTING LLC D/B/A
QUEEN WARRIORS

       Defendant.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION

Plaintiff, pursuant to *Fla. R. Civ. Pro. 1.350*, hereby propounds its Request for Production, and requests that the Defendant produce copies of the following documents within the time prescribed by the Florida Rules of Civil Procedure.

1.     A copy of any call logs and/or text messages between Defendant and Plaintiff, dating back no further than the past three (3) years.

2.     Every insurance agreement under which any insurance business—irrespective of whether you have or intend to make such a claim—may be liable (i) to satisfy all or part of a possible judgment against You in this action, (ii) to indemnify You, (iii) to reimburse You for payments made to satisfy the judgment, or (iv) to pay for Your defense of this lawsuit.

3.     All contracts or agreements between you and any third-party regarding the transmission of the Prerecorded Messages and/or text messages.

4.     All communications between You and any third-party regarding the transmission of the Prerecorded Messages and/or text messages.

5.     All invoices or receipts regarding payment to any third-party for transmission of the Prerecorded Messages and/or text messages.

6.      Documents sufficient to identify the hardware, software, and/or methodology used to store Plaintiff's telephone number.

7.      Documents sufficient to identify the hardware, software, and/or methodology used to transmit the Subject Prerecorded Messages and/or text messages.

8.      Documents sufficient to identify the hardware, software, and/or methodology used to transmit the Prerecorded Messages and/or text messages.

9.      Documents sufficient to identify the following information regarding recipients of Prerecorded Messages and/or text messages: name, home address, email address, phone numbers, and any other personal identifying information.

10.     Documents sufficient to identify each source(s) from which you obtained each telephone number to which Prerecorded Messages and/or text messages were transmitted.

11.     All call logs, disposition reports, transmission reports, or computer-generated document, sufficient to identify (1) the total number of Prerecorded Messages and/or text messages attempted, (2) the date and time of each Prerecorded Message was attempted, and (3) the result of each attempted transmission, i.e., whether each transmission was successfully completed.

12.     All documents regarding or referring to Plaintiff.

13.     All documents you reviewed and/or relied upon in formulating your responses to Plaintiff's Interrogatories.

14.     All of Your formal written policies or procedures related to TCPA and/or FTSA compliance, including Do Not Call rules compliance.

15.     Documents sufficient to identify your policies, practices, or procedures for transmitting Prerecorded Messages and/or text messages.

16.     Documents sufficient to identify the criteria used to select or obtain the list of telephone numbers to which Prerecorded Messages and/or text messages were sent.

17.     Documents sufficient to identify the type of consent or permission, if any, you obtained from Plaintiff to send the Subject Prerecorded Messages and/or text messages prior to You sending the Subject Prerecorded Messages and/or text messages.

18.     Documents sufficient to identify the type of consent or permission, if any, you obtained from recipients of the Prerecorded Messages and/or text messages prior to You sending those individuals Prerecorded Messages and/or text messages.

19.     Documents sufficient to identify the reason(s) why the Subject Prerecorded Messages and/or text messages or Prerecorded Messages and/or text messages were sent.

20.     All documents pertaining to the marketing or promotion of Your goods or services through the use of the Prerecorded Messages and/or text messages.

21.     All manuals, procedures, policies, or instructions related to Your use of Prerecorded Messages and/or text messages.

22.     Documents sufficient to identify how You generate revenue.

23.     Documents sufficient to identify the total revenue, if any, You generated as a result of the Prerecorded Messages and/or text messages.

24.     All documents that recorded in writing any complaint received by You from any recipient of a Prerecorded Messages and/or text messages regarding receipt of the Prerecorded Message.

25.     Documents sufficient to identify each individual that requested You not contact them by telephone after that individual received a Prerecorded Message.

26.     All documents you have received claiming that you have violated the Telephone Consumer Protection Act or the Do Not Call rules.

27.     Audio copies of each version of the Prerecorded Messages and/or text messages, including any draft versions.

28.     All documents regarding the wording of the Prerecorded Messages and/or text messages, including any scripts of the wording of the Prerecorded Messages and/or text messages.

29.     All communications between You and Plaintiff.

30.     A copy of any text messages between Defendant and Plaintiff, dating back no further than the past three (3) years.

31.      A copy of any signed written agreement between Plaintiff and Defendant, where Plaintiff consented to Defendant making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission, to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail.

32.     Copies of all policies and procedures related to Defendant's automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed, for purposes of telephonic sales calls, dating back no further than the past three (3) years.

33.     A detailed "privilege log" itemizing all documents that you are not producing on the basis of work product or other privilege.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served upon the Defendant, along with the Summons and Complaint filed in this cause.

**DEMESMIN & DOVER, PLLC**

*Attorneys for Plaintiff*
1650 SE 17th Street, Suite 100
Fort Lauderdale, Florida 33316
Office (866) 954-6673
Facsimile (954) 916-8499
Spam-Pleadings@attorneysoftheinjured.com
Jdover@attorneysoftheinjured.com

By: */s/ Jeremy Dover*
    JEREMY DOVER, ESQ.
    FBN: 110737

# EXHIBIT L

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

Case No: CA 23 — 13246

**Cesar Tano**

Plaintiff

Judge Division: 12

VS

**Smart Bridge Consulting LLC**

Defendant

## CLERK'S CERTIFICATE OF COMPLIANCE

FILED
MAY 04 2023
BY

I hereby certify that pursuant to Administrative Order, No. 2020-73Civ/2020-74-UFC:
"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO
DISMISSED CIVIL OR FAMILY CASES",

The Clerk has conducted a search for all previous existing civil cases related to
these two parties.

Listed below are all the aforementioned related cases:  NONE

Brenda D. Forman
Circuit and County Courts

By: _____
Deputy Clerk

# EXHIBIT M

Case 0:24-cv-60769-WPD   Document 1   Entered on FLSD Docket 05/08/2024   Page 82 of 134
CACE-23-013246

| | |
|---|---|
| CESAR TANO, *individually and on behalf of all others similarly situated*, | IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA |
| Plaintiff, | |
| vs. | CASE NO. CACE-23-013246 |
| SMART BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS | CLASS REPRESENTATION |
| Defendant. | |
| _____/ | |

THE STATE OF FLORIDA:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

**By serving:    Smart Bridge Consulting, LLC**
**c/o Fabiana Ferrarini as Registered Agent**
**8266 Lott Ave**
**Orlando, Florida 32832**

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to wit:
**Jeremy Dover, Esquire**
**Demesmin & Dover, PLLC.**
**1650 S.E. 17th Street, Suite 100**
**Ft. Lauderdale, FL. 33316**
**Tel (866) 954-6673**
**Fax (954) 323-8742**
**Pip-pleadings@attorneysoftheinjured.com**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, Broward County Courthouse, 201 S.E. 6th Street, Fort Lauderdale, Florida 33301 either before service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

                                        JUL 14 2023
DATED ON _____, 2023.

                                        BRENDA D. FORMAN
                                        as Clerk of said Court

                                        By _____
                                              As Deputy Clerk
                                              (Court Seal)

                                        BRENDA D. FORMAN

# EXHIBIT N

# VERIFIED RETURN OF SERVICE

Job # 3337

**Client Info:**

DEMESMIN & DOVER
1650 SE 17th St.
Suite 100
Fort Lauderdale, FL  33316

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| CESAR TANO, individually and on behalf of all others similarly situated, | County of Broward, Florida |
| -versus- | Court Case # **CACE-23-013246** |
| **DEFENDANT:** | |
| SMART BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS | |

**Service Info:**

**Date Received: 7/19/2023** at 04:19 PM
**Service:** I Served **Smart Bridge Consulting, LLC c/o Fabiana Ferrarini as Registered Agent**
With: **SUMMONS, CLASS ACTION COMPLAINT, NOTICE OF APPEARANCE OF ATTORNEY OF RECORD, NOTICE OF E-MAIL DESIGNATION, PLAINTIFF'S INITIAL REQUEST FOR ADMISSIONS TO DEFENDANT, PLAINTIFF'S REQUEST FOR PRODUCTION, PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES**
by leaving with **FABIANA FERRARINI, REGISTERED AGENT**

**At RESIDENCE 8266 LOTT AVE ORLANDO, FL 32832**
Latitude: **28.444611,**   Longitude: **-81.242824**

On **7/24/2023** at **09:06 AM**
**Manner of Service: CORPORATE AT RESIDENCE**
SERVICE WAS COMPLETED IN ACCORDANCE TO 48.081(B) IF THE ADDRESS FOR THE REGISTERED AGENT, OFFICER, DIRECTOR, OR PRINCIPAL PLACE OF BUSINESS IS A RESIDENCE, A PRIVATE MAILBOX, A VIRTUAL OFFICE, OR AN EXECUTIVE OFFICE OR MINI SUITE, SERVICE ON THE CORPORATION MAY BE MADE BY SERVING THE REGISTERED AGENT, OFFICER, OR DIRECTOR IN ACCORDANCE WITH S. 48.031.

**Served Description:  (Approx)**

Age: **29**, Sex: **Female**, Race: **Hispanic**, Height: **5' 3"**, Weight: **135**, Hair: **Brown** Glasses:  **No**
Other: WEARING WORKOUT CLOTHING BLACK SPORTS BRA AND GREEN LEGGINGS. MAN WHO WENT INSIDE RESIDENCE WAS HISPANIC, APPROXIMATELY 30-40YRS OLD, FULL BEARD WITH BLACK AND GRAY HAIRS, WEARING BASEBALL CAP AND A BLACK TSHIRT AND ATHLETIC SHORTS.

**Service Comments:**

**AS I PULLED UP TO THE HOME THE RESIDENT WAS PUTTING HER CHILD IN HER VEHICLE. I ASKED FOR FABIANA FERRARI AND SHE ASKED WHAT IT WAS IN REGARDS TO. I ADVISED THAT I HAVE A SUMMONS FOR FABIANA FERRARI AS REGISTERED AGENT FOR SMART BRIDGE CONSULTING. SHE STATED THAT SHE IS NOT GOING TO ACCEPT THE DOCUMENTS AS SHE HAD TO DROP HER DAUGHTER OFF AT DAYCARE AND TO COME BACK. I ASKED HER AGAIN IF SHE WAS FABIANA AND SHE SAID NO, SHE ISN'T HERE RIGHT NOW AND I'M NOT ACCEPTING THE DOCUMENTS. I ASKED WHEN SHE WOULD LIKE FOR ME TO RETURN AND SHE SAID SHE DID NOT KNOW. SERVER READ THE CONTENTS OF THE DOCUMENTS ALOUD AND LEFT THEM IN A SECURE AND VISIBLE LOCATION AT THE FRONT DOOR AS SHE PULLED OFF IN A BLACK RANGE ROVER. MAN ALSO PULLED UP TO RESIDENCE AND WENT INSIDE AND REFUSED TO SPEAK TO ME.**

**ORANGE COUNTY PROPERTY APPRAISER SHOWS HOMEOWNERS ARE FABIANA AND MATTHEW FERRARINI. SERVER WAS ABLE TO CONFIRM THE SUBJECT'S IDENTITY USING AN INSTAGRAM PHOTO.**

I ACKNOWLEDGE THAT I AM AUTHORIZED TO SERVE PROCESS, IN GOOD STANDING IN THE JURISDICTION WHEREIN THIS PROCESS WAS SERVED AND I HAVE NO INTEREST IN THE ABOVE ACTION. UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.




1 of 2

Job # 3337



**CATHERINE RODRIGUEZ**
Lic # **550**


**MIKHAEL GOLDGISSER**
7333 NW 1ST MANOR
Plantation, FL 33317

Client # 3337
Ref # LSU2023003280




# EXHIBIT O

CESAR TANO, *individually and on behalf of all others similarly situated,*

      Plaintiff,

vs.

SMART BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS

      Defendant.

_____/

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. CACE-23-013246

CLASS REPRESENTATION

THE STATE OF FLORIDA:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

**By serving:**     **Smart Bridge Consulting, LLC d/b/a Queen Warriors**
                    **c/o Fabiana Ferrarini as Registered Agent**
                    **8266 Lott Ave**
                    **Orlando, Florida 32832**

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to wit:
**Jeremy Dover, Esquire**
**Demesmin & Dover, PLLC.**
**1650 S.E. 17th Street, Suite 100**
**Ft. Lauderdale, FL. 33316**
**Tel (866) 954-6673**
**Fax (954) 323-8742**
**Pip-pleadings@attorneysoftheinjured.com**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, Broward County Courthouse, 201 S.E. 6th Street, Fort Lauderdale, Florida 33301 either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

                             AUG 04 2023
DATED ON _____, 2023.

                                 BRENDA D. FORMAN
                                 as Clerk of said Court

                                 By _____
                                        As Deputy Clerk
                                      (Court Seal)

                                            BRENDA D. FORMAN

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

CLERK OF CIRCUIT & COUNTY COURT
IN GOD WE TRUST
FLORIDA
BROWARD COUNTY

# EXHIBIT P

Case 0:24-cv-60769-WPD   Document 1   Entered on FLSD Docket 05/08/2024   Page 89 of 134

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:  **CACE23013246**

JUDGE:  **Frink, Keathan B. (12)**

**CESAR TANO**

Plaintiff(s),

vs.

**SMART BRIDGE CONSULTING LLC**

Defendant(s).

_____/

<u>UNIFORM CASE MANAGEMENT ORDER:</u>

**<u>ALL PARTIES MUST READ CAREFULLY/STRICT COMPLIANCE IS MANDATORY</u>**

In accordance with Florida Rule Civil Procedure 1.200, and the Supreme Court AO20-23, Amendment 10, the Court hereby orders a <u>MANDATORY </u>Case Management Conference to be held in Courtroom      16155 or Zoom: https://17thflcourts.zoom.us/j/647324402      on      10-20-2023 11:00 AM      .

All counsel and any self-represented parties <u>MUST </u>appear at the hearing and have their calendars to schedule future matters. This hearing may be canceled: (1) If the parties set the matter for trial prior to the case management conference date; (2) If the action is settled and a Final Order of Dismissal is issued; or (3) The action is dismissed.

1. If your case is:
   <u>Streamlined:</u> Projected date of Trial within 12 months of case filing.
   <u>General Civil:</u> Projected date of Trial within 18 months of case filing.
   <u>Complex:</u> Projected date of Trial within 24 months of case filing.

2. <u>COMPLAINT:</u> The Complaint shall be served within 120 days of filing. Failure to perfect service within 120 days shall subject the action to dismissal without prejudice or dropping of that party as a defendant. If plaintiff shows good cause or excusable neglect for failure to serve within 120 days, the court shall extend the time for service for an appropriate period. (Rule 1.070, Fla.R.Civ.P.)

3. <u>TRIAL:</u> The Uniform Trial Order will be issued, when the case is at issue pursuant to Florida Rules of Civil Procedure, 1.440.

4. <u>DISCOVERY DEADLINES:</u> Deadlines for Witness Lists, Compulsory Medical Examinations, Discovery, Motions, Exhibit Lists, Daubert Challenges, Jury Instructions, and Mediation are specifically detailed in the Uniform Trial Order.

THE UNIFORM TRIAL DATE IS A FIRM TRIAL DATE AND DEADLINES WILL BE STRICTLY ENFORCED BY THE COURT. STRICT COMPLIANCE MEANS

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 08/07/2023 09:07:43 PM.****

NO CONTINUANCES/EXTENSIONS WILL BE GRANTED WITHOUT COURT ORDER UPON WRITTEN MOTION SETTING FORTH EXTRAORDINARY CAUSE OR TO PREVENT MANIFEST INJUSTICE.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida on   08-07-2023
                                      .

CACE23013246 08-07-2023 9:07 PM

_____
Circuit Court Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability, you can contact the court through the Florida Relay Service by calling 711.**

Copies Furnished:
Jeremy Dover, Email : Spam-Pleadings@attorneysoftheinjured.com
Jeremy Phillip Dover, Email : PIP-Pleadings@attorneysoftheinjured.com

# EXHIBIT Q

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CESAR TANO,
Individually and on behalf of all
others similarly situated,

   Plaintiff,        CASE NO.: CACE-23-013246

v.              DIVISION: 12

SMART BRIDGE CONSULTING LLC
D/B/A QUEEN WARRIORS,

   Defendant.

_____/

### NOTICE OF HEARING
### (Uniform Motion Calendar)

  PLEASE TAKE NOTICE that on **Tuesday, August 22, 2023, at 8:45 a.m.** during Uniform Motion Calendar, or as soon thereafter as can be heard, the undersigned will bring on to be heard before the Honorable Keathan B. Frink, one of the Judges of the above Court, the following:

**Unopposed Motion for Extension of Time to File Response to Class Action Complaint**
*(Filed August 14, 2023)*

**Judge Keathan Frink is inviting you to a scheduled Zoom meeting.**
Topic: Judge Frink Docket

Join Zoom Meeting

https://17thflcourts.zoom.us/j/647324402

Meeting ID: 647 324 402

(888)475-4499 US Toll-free,
(833)548-0276 US Toll-free,
(833)548-0282 US Toll-free,
(877)853-5257 US Toll-free

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on August 14, 2023, I electronically filed the foregoing using the Florida Courts E-Filing Portal, which will automatically provide copies to all counsel of record.

<u>*/s/ Ryan J. Vescio*</u>
**Keith Hesse**
Florida Bar No. 348007
khesse@shuffieldlowman.com

**Ryan J. Vescio**
Florida Bar No. 014032
rvescio@shuffieldlowman.com

**Shuffield, Lowman & Wilson, P.A.**
1000 Legion Place, Suite 1700
Orlando, Florida 32802
Telephone:    (407) 581-9800
Fax:    (407) 581-9801
*Counsel for Defendants*

The primary email address for electronic
Service of all pleadings in this case under
Rule 2.516 is:
litservice@shuffieldlowman.com

# EXHIBIT R

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CESAR TANO,
Individually and on behalf of all
others similarly situated,

       Plaintiff,                        CASE NO.: CACE-23-013246

v.                                      DIVISION: 12

SMART BRIDGE CONSULTING LLC
D/B/A QUEEN WARRIORS,

       Defendant.

_____/

## UNOPPOSED MOTION FOR EXTENSION OF TIME
## TO FILE RESPONSE TO CLASS ACTION COMPLAINT

Defendant, SMART BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS,

pursuant to Rule 1.090(b), Florida Rules of Civil Procedure, moves on the following grounds for

an extension of time to file a response to the Complaint.  In support, the Defendant states as

follows:

1.      On May 3, 2023, Plaintiff, CESAR TANO ("Plaintiff") filed the instant lawsuit.

2.      On July 24, 2023, Defendants were served with the Complaint.  Pursuant to

Rule 1.140(a)(1), Florida Rules of Civil Procedure, Defendants have 20 days from service to file

a response to the Complaint.

3.      On August 9, 2023, the undersigned counsel spoke to Joshua Costello, Esq.,

counsel for the Plaintiff seeking an extension of time to file a responsive pleading. Attorney

Costello indicated no objection to a thirty (30) day extension of time to file a responsive

pleading.

4.      Given the nature of the Class Action Complaint, Plaintiff needs additional time to investigate the allegations contained within the Complaint, and to initiate potential settlement discussions with Defendant.

5.      This Motion is based on good cause arising from the need for additional time to prepare a proper defense and ensure the insurer has an opportunity to defend this case.  This Motion is not made for purposes of delay, obstruction, or any other improper purpose.  No party will be prejudiced by the relief requested.

WHEREFORE, Defendant, SMART BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS, requests the Court enter an Order extending the deadline to file a response to the Complaint by 30 days.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14, 2023, I electronically filed the foregoing using the Florida Courts E-Filing Portal, which will automatically provide copies to all counsel of record.

/s/ Ryan J. Vescio
**Keith Hesse**
Florida Bar No. 348007
khesse@shuffieldlowman.com

**Ryan J. Vescio**
Florida Bar No. 014032
rvescio@shuffieldlowman.com

**Shuffield, Lowman & Wilson, P.A.**
1000 Legion Place, Suite 1700
Orlando, Florida 32802
Telephone:     (407) 581-9800
Fax:     (407) 581-9801
Counsel for Defendants

The primary email address for electronic
Service of all pleadings in this case under
Rule 2.516 is:
litservice@shuffieldlowman.com

2

# EXHIBIT S

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. **CACE23013246**   DIVISION: **12**   JUDGE: **Frink, Keathan B. (12)**

**CESAR TANO**

Plaintiff(s) / Petitioner(s)

v.

**SMART BRIDGE CONSULTING LLC**

Defendant(s) / Respondent(s)

_____/

**AGREED ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO
RESPOND TO DISCOVERY**

THIS CAUSE having come before the Court on Defendant, SMART BRIDGE CONSULTING

LLC D/B/A QUEEN WARRIORS, Unopposed Motion for Extension of Time to File Response to

Discovery Requests, the agreement of the Plaintiff, and the Court having reviewed the file and being

fully advised of the premises, it is

**ORDERED AND ADJUDGED** as follows:

1.        Defendant's Unopposed Motion for Extension of Time to File Response to

Discovery Requests is hereby **GRANTED**.

2.        Defendant shall have forty-five days from the date of this Order to respond to

Plaintiff's outstanding discovery requests in this action.

**DONE AND ORDERED** in Chambers at Broward County, Florida on 14th day of September, 2023.

CACE23013246 09-14-2023 10:21 PM
Hon. Keathan Frink
**CIRCUIT COURT JUDGE**
Electronically Signed by Keathan Frink

# EXHIBIT T

Case 0:24-cv-60769-WPD Document 1 Entered on FLSD Docket 05/08/2024 Page 100 of 134

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: **CACE23013246**

JUDGE: **Frink, Keathan B. (12)**

**CESAR TANO**

Plaintiff(s),

vs.

**SMART BRIDGE CONSULTING LLC**

Defendant(s).

_____ /

UNIFORM CASE MANAGEMENT ORDER:

**ALL PARTIES MUST READ CAREFULLY/STRICT COMPLIANCE IS MANDATORY**

In accordance with Florida Rule Civil Procedure 1.200, and the Supreme Court AO20-23,
Amendment 10, the Court hereby orders a MANDATORY Case Management Conference to be
held in Courtroom      16155 or Zoom: https://17thflcourts.zoom.us/j/647324402      on      03-08-
2024 9:30 AM      .

All counsel and any self-represented parties MUST appear at the hearing and have their calendars
to schedule future matters. This hearing may be canceled: (1) If the parties set the matter for trial
prior to the case management conference date; (2) If the action is settled and a Final Order of
Dismissal is issued; or (3) The action is dismissed.

1. If your case is:
   Streamlined: Projected date of Trial within 12 months of case filing.
   General Civil: Projected date of Trial within 18 months of case filing.
   Complex: Projected date of Trial within 24 months of case filing.

2. COMPLAINT: The Complaint shall be served within 120 days of filing. Failure to perfect
   service within 120 days shall subject the action to dismissal without prejudice or dropping of
   that party as a defendant. If plaintiff shows good cause or excusable neglect for failure to
   serve within 120 days, the court shall extend the time for service for an appropriate period.
   (Rule 1.070, Fla.R.Civ.P.)

3. TRIAL: The Uniform Trial Order will be issued, when the case is at issue pursuant to Florida
   Rules of Civil Procedure, 1.440.

4. DISCOVERY DEADLINES: Deadlines for Witness Lists, Compulsory Medical
   Examinations, Discovery, Motions, Exhibit Lists, Daubert Challenges, Jury Instructions, and
   Mediation are specifically detailed in the Uniform Trial Order.

THE UNIFORM TRIAL DATE IS A FIRM TRIAL DATE AND DEADLINES WILL
BE STRICTLY ENFORCED BY THE COURT. STRICT COMPLIANCE MEANS

NO CONTINUANCES/EXTENSIONS WILL BE GRANTED WITHOUT COURT ORDER
UPON WRITTEN MOTION SETTING FORTH EXTRAORDINARY CAUSE OR TO
PREVENT MANIFEST INJUSTICE.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida on   10-24-
2023
.

CACE23013246 10-24-2023 1:25 PM

_____
Circuit Court Judge

**If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision
of certain assistance. Please contact the ADA Coordinator, Room 20140, 201
S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days
before your scheduled court appearance, or immediately upon receiving this
notification if the time before the scheduled appearance is less than 7 days. If
you have a hearing or voice disability, you can contact the court through the
Florida Relay Service by calling 711.**

Copies Furnished:
Jeremy Dover, Email : Spam-Pleadings@attorneysoftheinjured.com
Jeremy Phillip Dover, Email : PIP-Pleadings@attorneysoftheinjured.com
Ryan J Vescio, Email : rvescio@shuffieldlowman.com
Ryan J Vescio, Email : litservice@shuffieldlowman.com

# EXHIBIT U

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CESAR TANO,

      Plaintiff,                              CASE NO.: CACE23013246

v.                                     JUDGE: Frink, Keathan B. (12)

SMART BRIDGE CONSULTING LLC,

      Defendant.

_____/

## DEFENDANT'S MOTION TO STAY DISCOVERY OR, IN THE ALTERNATIVE, ISSUE A PROTECTIVE ORDER OR GRANT AN EXTENSION OF TIME

COMES NOW Defendant, SMART BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS ("Smart Bridge"), by and through its undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.280(c), hereby files this Motion to Stay Discovery pending resolution of Smart Bridge's Motion to Dismiss, which is being filed concurrently with this Motion. In the alternative, Smart Bridge seeks a protective order and/or an extension of time to respond to outstanding discovery. In short, Plaintiff's Motion to Dismiss, when granted, will dispose of the entirety of Plaintiff's Class Action Complaint due to the failure to establish a statutory condition precedent to filing such a cause of action and accordingly, Smart Bridge is entitled to a stay of all discovery, including pending deadlines, or at a minimum, a protective order or extension of time, until the Court rules on Smart Bridge's Motion to Dismiss. In support, Smart Bridge states as follows:

## I.    BACKGROUND

On May 3, 2023, Plaintiff filed his Class Action Complaint in the case number cited above against Smart Bridge alleging in Count I – Violation of Florida Statutes Section 501.059 (on behalf of Plaintiff individually) and Count II – Violation of Florida Statutes Section 501.059, (on behalf of Plaintiff and the No Prior Consent Class).

1

At the time same time of the filing of the Complaint, the Plaintiff propounded a Request for Admissions, Request to Produce Documents, and Initial Interrogatories all directed to Smart Bridge.

Concurrently with this Motion, Smart Bridge is filing a Motion to Dismiss the Class Action Complaint, which argues that the Plaintiff failed to comply with the condition precedent established in § 501.059(10)(c), Fla. Stat. which requires a Plaintiff receiving unsolicited communications to notify the Defendant to "STOP," and if the Defendant fails to comply with such demand after 15 days, only then can a Plaintiff bring forth suit pursuant to § 501.059, Fla. Stat., and that the Class Action Complaint fails to establish the Circuit Court's jurisdiction. A ruling in Smart Bridge's favor on any of the grounds in the Motion to Dismiss would dispose of the entire action.

## II.     LEGAL STANDARD

Courts have discretion to enter stays of discovery pending the resolution of a motion to dismiss that would dispose of the entire Class Action Complaint. *See Bank of Am., N.A. v. De Morales*, 314 So.3d 528, 531 (Fla. 3d DCA 2020); *Feigin v. Hospital Staffing Servs.*, 569 So.2d 941, 942 (Fla. 4th DCA 1990); *McLamma v. Remon*, No. 8:12-cv-2557-T-33MAP, 2013 U.S. Dist. LEXIS 53075, at *4 (M.D. Fla. Apr. 12, 2013). Courts may enter protective orders to protect a party from oppression or undue burden or expense. Rule 1.280(c), Fla. R. Civ. P.

## III.    MEMORANDUM OF LAW

The Court should grant Smart Bridge's Motion to Stay Discovery because Smart Bridge's Motion to Dismiss will dispose of the entire Class Action Complaint, and failing to stay discovery will severely prejudice Smart Bridge by requiring Smart Bridge to respond to voluminous and oppressive discovery that will be wholly mooted should the Court grant the Motion to Dismiss. Alternatively, the Court should enter a protective order or grant an extension

of time delaying the response time to the pending discovery served by Plaintiff until after the resolution of Smart Bridge's Motion to Dismiss.

First, the Court should stay discovery because Smart Bridge's Motion to Dismiss will dispose of the entire Class Action Complaint. Both counts of the Class Action Complaint allege the same violations, just on behalf of the Plaintiff individually versus a putative class of likely situated class members. Circuit courts routinely grant stays of discovery while motions to dismiss are pending. *See, e.g., Deyampert v. Tedesco*, No: 2017CA003497, 2018 Fla. Cir. LEXIS 4543, at *1 (Fla. 1st Cir. Ct., Apr. 5, 2018); *Rosenberg v. Fields*, No. 2021CA000090, 2021 Fla. Cir. LEXIS 9832, at *1 (Fla. 2d Cir. Ct. Mar. 12, 2021); *Estate of Pavlos v. V.H.P. Enter.*, No. 08CA019277, 2009 Fla. Cir. LEXIS 2333, at *1 (Jan. 15, 2009). Accordingly, the Court should stay all discovery pending resolution of Smart Bridge's Motion to Dismiss because even a cursory review of Smart Bridge's Motion to Dismiss shows its likelihood of success in dismissing the Class Action Complaint, which would render moot any discovery propounded on Smart Bridge by Plaintiff.

In the alternative, the Court should enter a protective order and/or grant an extension of time for Smart Bridge to respond to Plaintiff's initial discovery. The Court can enter a protective order to protect any party or person from oppression or undue burden in the context of discovery. *See* Rule 1.280(c), Fla. R. Civ. P. Here, Plaintiff propounded eight (8) detailed interrogatories, over thirty-three (33) requests for production, and five (5) requests for admissions on Smart Bridge. At this point, Smart Bridge has only been able to respond to the request for admissions, given their brief nature.

These voluminous requests were propounded before Smart Bridge even had the opportunity to respond to the Class Action Complaint. Accordingly, the Court should enter a

protective order and grant an extension of time to respond to this discovery until thirty (30) days after the resolution of the Motion to Dismiss if the Court denies such Motion.

WHEREFORE, Defendant, SMART BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS, hereby moves this honorable Court to (1) stay all discovery, in this case, pending resolution of Smart Bridge's Motion to Dismiss, (2) in the alternative, enter a protective order or grant an extension of time of thirty (30) days after the Court's Order to respond to the outstanding discovery if the Court denies Smart Bridge's Motion to Dismiss, and (3) grant such other and further relief as the Court deems necessary and appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30, 2023, I electronically filed the foregoing using the Florida Courts E-Filing Portal, which will automatically provide copies to all counsel of record.

/s/ Ryan J. Vescio

**Keith Hesse**
Florida Bar No. 348007
khesse@shuffieldlowman.com

**Ryan J. Vescio**
Florida Bar No. 014032
rvescio@shuffieldlowman.com

**Shuffield, Lowman & Wilson, P.A.**
1000 Legion Place, Suite 1700
Orlando, Florida 32802
Telephone:    (407) 581-9800
Fax:    (407) 581-9801
*Counsel for Defendant*

The primary email address for electronic
Service of all pleadings in this case under
Rule 2.516 is:
litservice@shuffieldlowman.com

# EXHIBIT V

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CESAR TANO,

   Plaintiff,         CASE NO.: CACE23013246

v.               JUDGE: Frink, Keathan B. (12)

SMART BRIDGE CONSULTING LLC,

   Defendant.

_____/

## RESPONSE TO PLAINTIFF'S FIRST REQUEST
## FOR ADMISSIONS TO DEFENDANT

COMES NOW, Defendant, SMART BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS ("Smart Bridge"), by and through his undersigned attorneys and, pursuant to Fla. R. Civ. Pro. 1.370, hereby files this Response to Plaintiff's First Request for Admissions dated May 3, 2023.

## PRELIMINARY STATEMENT

Defendant objects to the Definitions and Instructions outlined in Plaintiff's Request for Admissions to the extent that they seek to impose any duties or obligations beyond those imposed by the applicable Florida Rules of Civil Procedure and Florida law.

Defendant reserves all objections or questions regarding competency, relevance, materiality, privilege, or admissibility of any documents or matters described in the responses as evidence in any subsequent proceeding or trial in this or any other action for any purpose whatsoever. These responses are provided based upon the current information available to Defendant considering the responses and objections below.

1

Defendant explicitly reserves all rights under the Florida Rules of Civil Procedure, the Local Rules of this Court, and the objections set forth herein. These responses do not constitute a waiver thereof.

1.      At all times material hereto, Defendant made or caused to be made calls and/or sent texts into Florida.

**RESPONSE**:  Admitted.

2.      At all times material hereto, the Defendant, did not obtain Plaintiff's prior express written consent to make or allow a telephonic sales call or text.

**RESPONSE**:   Admitted. It is affirmatively stated that Defendant has determined Plaintiff's telephone number was provided to Defendant by another client of Defendant who input a telephone number in error, which Plaintiff allegedly utilizes.

3.      At all times material hereto, the Defendant, utilized an automated system for the selection or dialing of Plaintiff's telephone number or the playing of a recorded message when a connection is completed to Plaintiff's telephone number.

**RESPONSE**:   Defendant objects to Request for Admission number three insofar as Plaintiff does not allege the receipt of a recorded message transmitted from Defendant to Plaintiff within his Class Action Complaint. Notwithstanding such objection, Defendant denies Request for Admission number three.

4.      At all times material hereto, the Defendant, failed to transmit and/or caused not to be transmitted the originating telephone number from which the telephonic sales call was made to Plaintiff.

**RESPONSE**:  Denied.

5.      Admit that Defendant's telephonic sales calls/texts made to Plaintiff were in violation of Fla. Stat. § 501.059.

**RESPONSE**: Denied.

Signed and dated October 30, 2023.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on October 30, 2023, I electronically filed the foregoing using the Florida Courts E-Filing Portal, which will automatically provide copies to all counsel of record.

*/s/ Ryan J. Vescio*

**Keith Hesse**
Florida Bar No. 348007
khesse@shuffieldlowman.com

**Ryan J. Vescio**
Florida Bar No. 014032
rvescio@shuffieldlowman.com

**Shuffield, Lowman & Wilson, P.A.**
1000 Legion Place, Suite 1700
Orlando, Florida 32802
Telephone:     (407) 581-9800
Fax:     (407) 581-9801
*Counsel for Defendant*

The primary email address for electronic
Service of all pleadings in this case under
Rule 2.516 is:
litservice@shuffieldlowman.com

# EXHIBIT W

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:  **CACE23013246**

JUDGE:  **Frink, Keathan B. (12)**

**CESAR TANO**

Plaintiff(s),

vs.

**SMART BRIDGE CONSULTING LLC**

Defendant(s).

_____/

UNDERLINE UNIFORM CASE MANAGEMENT ORDER:

**ALL PARTIES MUST READ CAREFULLY/STRICT COMPLIANCE IS MANDATORY**

In accordance with Florida Rule Civil Procedure 1.200, and the Supreme Court AO20-23, Amendment 10, the Court hereby orders a MANDATORY Case Management Conference to be held in Courtroom    16155 or Zoom: https://17thflcourts.zoom.us/j/647324402    on    04-12-2024 9:30 AM    .

All counsel and any self-represented parties MUST appear at the hearing and have their calendars to schedule future matters. This hearing may be canceled: (1) If the parties set the matter for trial prior to the case management conference date; (2) If the action is settled and a Final Order of Dismissal is issued; or (3) The action is dismissed.

1. If your case is:
   Streamlined: Projected date of Trial within 12 months of case filing.
   General Civil: Projected date of Trial within 18 months of case filing.
   Complex: Projected date of Trial within 24 months of case filing.

2. COMPLAINT: The Complaint shall be served within 120 days of filing. Failure to perfect service within 120 days shall subject the action to dismissal without prejudice or dropping of that party as a defendant. If plaintiff shows good cause or excusable neglect for failure to serve within 120 days, the court shall extend the time for service for an appropriate period. (Rule 1.070, Fla.R.Civ.P.)

3. TRIAL: The Uniform Trial Order will be issued, when the case is at issue pursuant to Florida Rules of Civil Procedure, 1.440.

4. DISCOVERY DEADLINES: Deadlines for Witness Lists, Compulsory Medical Examinations, Discovery, Motions, Exhibit Lists, Daubert Challenges, Jury Instructions, and Mediation are specifically detailed in the Uniform Trial Order.

THE UNIFORM TRIAL DATE IS A FIRM TRIAL DATE AND DEADLINES WILL BE STRICTLY ENFORCED BY THE COURT. STRICT COMPLIANCE MEANS

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 12/05/2023 10:29:00 AM.****

NO CONTINUANCES/EXTENSIONS WILL BE GRANTED WITHOUT COURT ORDER
UPON WRITTEN MOTION SETTING FORTH EXTRAORDINARY CAUSE OR TO
PREVENT MANIFEST INJUSTICE.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida on   12-05-
2023
.

CACE23013246 12-05-2023 10:29 AM
_____
Circuit Court Judge

**If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision
of certain assistance. Please contact the ADA Coordinator, Room 20140, 201
S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days
before your scheduled court appearance, or immediately upon receiving this
notification if the time before the scheduled appearance is less than 7 days. If
you have a hearing or voice disability, you can contact the court through the
Florida Relay Service by calling 711.**

Copies Furnished:
Jeremy Dover, Email : Spam-Pleadings@attorneysoftheinjured.com
Jeremy Phillip Dover, Email : PIP-Pleadings@attorneysoftheinjured.com
Ryan J Vescio, Email : rvescio@shuffieldlowman.com
Ryan J Vescio, Email : litservice@shuffieldlowman.com

# EXHIBIT X

Case 0:24-cv-60769-WPD   Document 1   Entered on FLSD Docket 05/08/2024   Page 115 of 134

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CESAR TANO,
Individually and on behalf of all
others similarly situated,

      Plaintiff,                         CASE NO.: CACE-23-013246

v.                                       DIVISION: 12

SMART BRIDGE CONSULTING LLC
D/B/A QUEEN WARRIORS,

      Defendant.

_____/

### NOTICE OF HEARING
### (Special Set Calendar)

PLEASE TAKE NOTICE that on **Monday, March 4, 2024, at 1:30 p.m.** during Special

Set Hearings Calendar, or as soon thereafter as can be heard, the undersigned will bring on to be

heard before the Honorable Keathan B. Frink, one of the Judges of the above Court, the

following:

    (1)     **Defendant's Motion to Dismiss** *(filed October 30, 2023)*; **and**

    (2)     **Defendant's Motion to Stay Discovery or, In the Alternative, Issue a
          Protective Order or Grant an Extension of Time** *(filed October 30, 2023)*.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 26, 2024, I electronically filed the foregoing using

the Florida Courts E-Filing Portal, which will automatically provide copies to all counsel of

record.

                                  */s/ Ryan J. Vescio*
                                  **Keith Hesse**
                                  Florida Bar No. 348007
                                  khesse@shuffieldlowman.com

**Ryan J. Vescio**
Florida Bar No. 014032
rvescio@shuffieldlowman.com

**Shuffield, Lowman & Wilson, P.A.**
1000 Legion Place, Suite 1700
Orlando, Florida 32802
Telephone:     (407) 581-9800
Fax:     (407) 581-9801
*Counsel for Defendants*

The primary email address for electronic
Service of all pleadings in this case under
Rule 2.516 is:
litservice@shuffieldlowman.com

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

# EXHIBIT Y

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CESAR TANO,
Individually and on behalf of all
others similarly situated,

      Plaintiff,                    CASE NO.: CACE-23-013246

v.                                  DIVISION: 12

SMART BRIDGE CONSULTING LLC
D/B/A QUEEN WARRIORS,

      Defendant.

_____/

## AMENDED NOTICE OF HEARING
### (Special Set Calendar)

    PLEASE TAKE NOTICE that the undersigned shall bring on to be heard before the

Judge of the above-styled Court, the following:

(1)    **Defendant's Motion to Dismiss *(filed October 30, 2023); and***

(2)    **Defendant's Motion to Stay Discovery or, In the Alternative, Issue a
Protective Order or Grant an Extension of Time *(filed October 30, 2023).***

| DATE/TIME | LOCATION | JUDGE |
|---|---|---|
| April 4, 2024 @ 1:30 P.M. -2:00 P.M. (30 minutes reserved) | Broward County Courthouse Courtroom 16155 201 S.E. 6th Street Ft. Lauderdale, FL 33301 | Judge Keathan B. Frink |

## CERTIFICATE OF GOOD FAITH CONFERRAL

    I hereby certify that good faith attempts were made to resolve this matter with Joshua

Costello, Esq., counsel for the Defendant, via multiple e-mails and the parties were unable to

reach an agreement to resolve the pending Motions and the relief sought therein.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 15, 2024, I electronically filed the foregoing using the Florida Courts E-Filing Portal, which will automatically provide copies to all counsel of record.

*/s/ Ryan J. Vescio*
**Keith Hesse**
Florida Bar No. 348007
khesse@shuffieldlowman.com

**Ryan J. Vescio**
Florida Bar No. 014032
rvescio@shuffieldlowman.com

**Shuffield, Lowman & Wilson, P.A.**
1000 Legion Place, Suite 1700
Orlando, Florida 32802
Telephone:     (407) 581-9800
Fax:     (407) 581-9801
*Counsel for Defendants*

The primary email address for electronic
Service of all pleadings in this case under
Rule 2.516 is:
litservice@shuffieldlowman.com

# EXHIBIT Z

Case 0:24-cv-60769-WPD Document 1 Entered on FLSD Docket 05/08/2024 Page 121 of 134

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CESAR TANO,
Individually and on behalf of all
others similarly situated,

      Plaintiff,                       CASE NO.: CACE-23-013246

v.                                   DIVISION: 12

SMART BRIDGE CONSULTING LLC
D/B/A QUEEN WARRIORS,

      Defendant.

_____/

## SECOND AMENDED NOTICE OF HEARING
### (Special Set Calendar)

      PLEASE TAKE NOTICE that the undersigned shall bring on to be heard before the

Judge of the above-styled Court, the following:

    (1)     **Defendant's Motion to Dismiss** *(filed October 30, 2023);* **and**

    (2)     **Defendant's Motion to Stay Discovery or, In the Alternative, Issue a
Protective Order or Grant an Extension of Time** *(filed October 30, 2023).*

| DATE/TIME | LOCATION | JUDGE |
|---|---|---|
| March 4, 2024 @ 1:30 P.M. -2:00 P.M. (30 minutes reserved) | Broward County Courthouse Courtroom 16155 201 S.E. 6th Street Ft. Lauderdale, FL 33301 | Judge Keathan B. Frink |

## CERTIFICATE OF GOOD FAITH CONFERRAL

      I hereby certify that good faith attempts were made to resolve this matter with Joshua

Costello, Esq., counsel for the Defendant, via multiple e-mails and the parties were unable to

reach an agreement to resolve the pending Motions and the relief sought therein.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 18, 2024, I electronically filed the foregoing using the Florida Courts E-Filing Portal, which will automatically provide copies to all counsel of record.

*/s/ Ryan J. Vescio*
**Keith Hesse**
Florida Bar No. 348007
khesse@shuffieldlowman.com

**Ryan J. Vescio**
Florida Bar No. 014032
rvescio@shuffieldlowman.com

**Shuffield, Lowman & Wilson, P.A.**
1000 Legion Place, Suite 1700
Orlando, Florida 32802
Telephone:    (407) 581-9800
Fax:    (407) 581-9801
*Counsel for Defendants*

The primary email address for electronic Service of all pleadings in this case under Rule 2.516 is:
litservice@shuffieldlowman.com

# EXHIBIT AA

Filing # 195134003 E-Filed 03/30/2024 09:03:39 PM

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. **CACE23013246**   DIVISION: **12**   JUDGE: **Frink, Keathan B. (12)**

**CESAR TANO**

Plaintiff(s) / Petitioner(s)

v.

**SMART BRIDGE CONSULTING LLC**

Defendant(s) / Respondent(s)

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY OR, IN THE
ALTERNATIVE, ISSUE A PROTECTIVE ORDER OR GRANT AN EXTENSION OF TIME**

THIS CAUSE having come before the Court on Defendant's Motion to Stay Discovery or, in the
Alternative, Issue a Protective Order or Grant an Extension of Time filed by Defendant, SMART
BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS filed on October 30, 2023, (the "Motion
to Stay Discovery"), and the Court having considered the Motion to Dismiss, the argument of counsel at
the March 4, 2024 hearing, the court file, applicable legal authority, being otherwise fully advised in the
premises it is hereby **ORDERED** that:

The Motion to Stay Discovery is GRANTED. Discovery in this case is stayed until the Plaintiff files, if any,
an Amended Complaint, and if so, the Defendant either files an Answer or disposition of any
subsequent Motion to Dismiss any Amended Complaint.

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>30th day of March, 2024</u>.

<u>CACE23013246 03-30-2024 9:26 AM</u>
Hon. Keathan Frink
**CIRCUIT COURT JUDGE**
Electronically Signed by Keathan Frink

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 03/30/2024 09:03:39 PM.****

Case Number: CACE23013246

**Copies Furnished To:**
Jeremy Dover , E-mail : Spam-Pleadings@attorneysoftheinjured.com
Jeremy Phillip Dover , E-mail : PIP-Pleadings@attorneysoftheinjured.com
Ryan J Vescio , E-mail : rvescio@shuffieldlowman.com
Ryan J Vescio , E-mail : litservice@shuffieldlowman.com
Tracey Cabanis , E-mail : tcabanis@dd-legal.com

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

# EXHIBIT AB

Case 0:24-cv-60769-WPD Document 1 Entered on FLSD Docket 05/08/2024 Page 127 of 134

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: **CACE23013246**

JUDGE: **Frink, Keathan B. (12)**

**CESAR TANO**
Plaintiff(s),

vs.

**SMART BRIDGE CONSULTING LLC**
Defendant(s).

_____/

UNIFORM CASE MANAGEMENT ORDER:

**ALL PARTIES MUST READ CAREFULLY/STRICT COMPLIANCE IS MANDATORY**

In accordance with Florida Rule Civil Procedure 1.200, and the Supreme Court AO20-23, Amendment 10, the Court hereby orders a MANDATORY Case Management Conference to be held in Courtroom ___ Zoom: https://17thflcourts.zoom.us/j/647324402 ___ on ___ 08-02-2024 9:30 AM ___ .

All counsel and any self-represented parties MUST appear at the hearing and have their calendars to schedule future matters. This hearing may be canceled: (1) If the parties set the matter for trial prior to the case management conference date; (2) If the action is settled and a Final Order of Dismissal is issued; or (3) The action is dismissed.

1. If your case is:
   Streamlined: Projected date of Trial within 12 months of case filing.
   General Civil: Projected date of Trial within 18 months of case filing.
   Complex: Projected date of Trial within 24 months of case filing.

2. COMPLAINT: The Complaint shall be served within 120 days of filing. Failure to perfect service within 120 days shall subject the action to dismissal without prejudice or dropping of that party as a defendant. If plaintiff shows good cause or excusable neglect for failure to serve within 120 days, the court shall extend the time for service for an appropriate period. (Rule 1.070, Fla.R.Civ.P.)

3. TRIAL: The Uniform Trial Order will be issued, when the case is at issue pursuant to Florida Rules of Civil Procedure, 1.440.

4. DISCOVERY DEADLINES: Deadlines for Witness Lists, Compulsory Medical Examinations, Discovery, Motions, Exhibit Lists, Daubert Challenges, Jury Instructions, and Mediation are specifically detailed in the Uniform Trial Order.

THE UNIFORM TRIAL DATE IS A FIRM TRIAL DATE AND DEADLINES WILL
BE STRICTLY ENFORCED BY THE COURT. STRICT COMPLIANCE MEANS

NO CONTINUANCES/EXTENSIONS WILL BE GRANTED WITHOUT COURT ORDER UPON WRITTEN MOTION SETTING FORTH EXTRAORDINARY CAUSE OR TO PREVENT MANIFEST INJUSTICE.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida on   04-15-2024  .

CACE23013246 04-15-2024 11:02 AM

_____
Circuit Court Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability, you can contact the court through the Florida Relay Service by calling 711.**

Copies Furnished:
Jeremy Dover, Email : Spam-Pleadings@attorneysoftheinjured.com
Jeremy Phillip Dover, Email : PIP-Pleadings@attorneysoftheinjured.com
Ryan J Vescio, Email : rvescio@shuffieldlowman.com
Ryan J Vescio, Email : litservice@shuffieldlowman.com

# EXHIBIT AC

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CESAR TANO,

      Plaintiff,                      CASE NO.: CACE23013246

v.                                     JUDGE: Frink, Keathan B. (12)

SMART BRIDGE CONSULTING LLC,

      Defendant.

_____/

## MOTION FOR EXTENSION OF TIME

      COMES NOW the Defendant, SMART BRIDGE CONSULTING LLC, by and through the undersigned counsel, and moves for an extension of time to respond to the Complaint and as grounds state:

      1.      Plaintiff's Second Amended Class Action Complaint was filed on April 9, 2024.

      2.      Pursuant to Fla. R. Civ. P. 1.140(a)(4), the Defendant must file a responsive pleading within ten days after service.

      3.      The time for Defendant's response to the Second Amended Class Action Complaint in this matter has not yet expired.

      4.      Plaintiff's Second Amended Class Action Complaint is a proposed class action proceeding pursuant to the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* This cause of action differs from the causes of action in the original Complaint, which the Court subsequently dismissed.

      5.      Given the complexity of the Second Amended Class Action Complaint, the claims made therein, and Plaintiff's attempt to certify a putative class, Defendant requires additional time to draft its responsive pleading.

6.      Therefore, Defendant respectfully requests thirty (30) days from the date of the instant motion to do so.

7.      Plaintiff will not be prejudiced by this short extension of time sought by Defendant.

8.      The undersigned counsel contacted the Plaintiff's counsel with said request and did not receive a response before filing this Motion for Extension of Time.

WHEREFORE, Defendant respectfully requests that this Court enter an Order extending the time to respond to Plaintiff's Complaint by thirty (30) days until May 19, 2024, and providing such further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 19, 2024, I electronically filed the preceding using the Florida Courts E-Filing Portal, which will automatically provide copies to all counsel of record.

*/s/ Ryan J. Vescio*

**Keith Hesse**
Florida Bar No. 348007
khesse@shuffieldlowman.com

**Ryan J. Vescio**
Florida Bar No. 014032
rvescio@shuffieldlowman.com

**Shuffield, Lowman & Wilson, P.A.**
1000 Legion Place, Suite 1700
Orlando, Florida 32802
Telephone:    (407) 581-9800
Fax:    (407) 581-9801
*Counsel for Defendant*

The primary email address for electronic
Service of all pleadings in this case under
Rule 2.516 is
litservice@shuffieldlowman.com

2

# EXHIBIT AD

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. **CACE23013246**   DIVISION: **12**   JUDGE: **Frink, Keathan B. (12)**

**CESAR TANO**

Plaintiff(s) / Petitioner(s)

v.

**SMART BRIDGE CONSULTING LLC**

Defendant(s) / Respondent(s)

_____ /

**ORDER ENLARGEMENT/EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S**
**SECOND AMENDED CLASS ACTION COMPLAINT**

THIS CAUSE having come before the Court on the Motion for Extension of Time filed by

Defendant, SMART BRIDGE CONSULTING LLC D/B/A QUEEN WARRIORS, on April 19, 2024,

(the "Motion for Extension of Time"), and the Court having considered the Motion for Extension of

Time, the court file, applicable legal authority, and being otherwise fully advised in the premises it is

hereby **ORDERED** that:

The Motion for Extension of Time is **GRANTED**. A response to Plaintiff's Second Amended

Class Action Complaint shall be due on May 19, 2024.

**DONE AND ORDERED** in Chambers at Broward County, Florida on 21st day of April, 2024.

CACE23013246 04-21-2024 10:43 PM
Hon. Keathan Frink
**CIRCUIT COURT JUDGE**
Electronically Signed by Keathan Frink

**Copies Furnished To:**
Jeremy Dover , E-mail : Spam-Pleadings@attorneysoftheinjured.com
Jeremy Phillip Dover , E-mail : PIP-Pleadings@attorneysoftheinjured.com

Ryan J Vescio , E-mail : rvescio@shuffieldlowman.com
Ryan J Vescio , E-mail : litservice@shuffieldlowman.com

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY